Regina J. McClendon (SBN 184669)
*rmcclendon@lockelord.com*
**LOCKE LORD LLP**
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 318-8810
Facsimile: (415) 676-5816

Simon M. Feng (SBN 295360)
*simon.feng@lockelord.com*
**LOCKE LORD LLP**
300 South Grand Ave., Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendants
U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust and Caliber Home Loans, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KO, | CASE NO.: 8:19-cv-02081 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | Complaint Filed: October 29, 2019 |
| U.S. BANK TRUST, N.A., as TRUSTEE for LSF9 MASTER PARTICIPATION TRUST; CALIBER HOME LOANS, INC.; AND DOES 1 THROUGH 10, INCLUSIVE. | |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Defendants") through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the County of Orange to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. § 1332 and is authorized by 28 U.S.C. § 1441. As grounds for removal, Defendants state as follows:

## STATEMENT OF THE CASE

1. On October 29, 2019, an action was commenced by Plaintiff Stephen Ko ("Plaintiff") in the Superior Court of California for the Orange, styled as *Stephen Ko v. Caliber Home Loans, Inc.*, *et al.*, Case No. 30-2019-01108142 (the "State Court Action").

2. "[E]ach defendant has thirty days to remove after being brought into the case." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Formal service is required to trigger the 30-day period. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). This Notice of Removal is filed within 30 days of service of the State Court Action on Defendants. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are attached hereto as **_Exhibit 1_**.

## JURISDICTION

4. The complaint asserts seven causes of action: (1) wrongful foreclosure, (2) fraud, (3) injunctive relief, (4) temporary restraining order, preliminary and permanent injunction (5) declaratory relief, (6) violation of California Business and Professions Code section 17200, (7) wrongful eviction; and (8) to set aside trustee's sale.

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

5. District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" and is between citizens of different states. 28 U.S.C. § 1332.

6. Since the filing of the complaint, Plaintiff has been, and continues to be a citizen of California. Compl. ¶ 1. "[P[lace of residence is prima facie the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Thus, a preponderance of the evidence demonstrates that Plaintiff is domiciled in California and, as a result, is a citizen, for diversity purposes, of California.

7. Defendant Caliber is a Delaware corporation, and its principal place of business is in Texas. *See* 28 U.S.C. 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005) (a corporation is a citizen of the state where it was incorporated and the state where it has its principal place of business). Caliber's "high level officers direct, control, and coordinate the corporation's activities" out of its Texas offices. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Thus, Caliber is a citizen of Delaware and Texas.

8. U.S. Bank Trust, N.A. is a national banking association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank Trust, N.A.'s main office is located in Delaware. Thus, U.S. Bank Trust, N.A. is a citizen of Delaware.

9. There is more than $75,000 in controversy in this action. Plaintiff seeks compensatory damages in the amount of $10 million for each cause of action and punitive damages in excess of $10 million. Compl., p. 55 at ¶¶ 4, 6. Further, in cases involving mortgage loans, the amount in controversy may be established by the value of the property or the loan amounts. *See Corral v. Select Portfolio Servicing, Inc.*, Case No. 15-16574, 2017 WL 6601872 *3 (9th Cir. Dec. 27, 2017) ("When a plaintiff

Locke Lord LLP
101 Montgomery Street, Suite 1950
San Francisco, CA 94104

seeks to quiet title to a property or permanently enjoin foreclosure, the object of the litigation is the ownership of the property. Therefore, the value of the property or the amount of indebtedness on the property is a proper measure of the amount in controversy"). Plaintiff's lawsuit concerns a loan in the amount of $832,000, secured by the subject property. Compl., Ex. 10 at p. 2. Thus, the amount of indebtedness is also a proper measure of the amount in controversy.

10. Accordingly, this Court has jurisdiction over this action because the requirements of 28 U.S.C. § 1332(d) are satisfied.

### VENUE

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1441(a), because the Central District of California, is the federal judicial district embracing the Superior Court of California for the County of Orange, where the State Court Action was originally filed.

### OTHER PROCEDURAL REQUIREMENTS

12. A copy of this Notice of Removal will be promptly served upon all parties and filed with the Clerk of the Superior Court of the County of Orange. *See* 28 U.S.C. §§ 1446(a), (d).

13. This Notice of Removal is signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

### CONCLUSION

By this Notice of Removal, Defendants do not waive any defenses or objections it may have to this action. Defendants intend no admission of fact, law or liability by this Notice and expressly reserves all defenses, motions and/or pleas.

**WHEREFORE**, Defendants pray that the State Court Action should proceed in the United States Court for the Central District of California, as an action properly removed thereto.

Dated:  October 31, 2019

Respectfully submitted,

**LOCKE LORD LLP**


By: */s/ Regina J. McClendon*
    Regina J. McClendon
    Simon M. Feng
*Attorneys for Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust and Caliber Home Loans, Inc.*