# Exhibit 1

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**OCT 2 9 2019**

DAVID H. YAMASAKI, Clerk of the Court

BY: _____ S. JUAREZ _____ ,DEPUTY

Stephen Ko
2244 Shapiro St.
Fullerton, CA 92833

*Plaintiff, In Pro Per*

SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF ORANGE-CENTRAL JUSTICE CENTER

**30-2019**

STEPHEN KO,

    *Plaintiff,*

vs.

U.S. BANK TRUST, N.A., as TRUSTEE for

LSF9 MASTER PARTICIPATION TRUST ;

CALIBER HOME LOANS, INC.; AND

DOES 1 THROUGH 10, INCLUSIVE,

    *Defendants*

Case No. **0 1 1 0 8 1 4 2**

1.  WRONGFUL FORECLOSURE

2.  FRAUD

3.  INJUNCTIVE RELIEF

4.  TEMPORARY RESTRAING ORDER, PRELIMINARY AND PERMANENT INJUCTION

5.  DECLARATORY RELIEF

6.  VIOLATION IF BUSINESS AND PROFESSION CODE SECTION 17200

7.  WRONGFUL EVICTION OR UNLAWFUL LOCKOUT

8.  TO SET ASIDE TRUSTEE'S SALE

**JUDGE SHEILA FELL**
C-25

DEMAND FOR JURY TRIAL

Plaintiff Stephen Ko complains and alleges the follows:

## JURISDICTION AND VENUE

The property at issue located in the County of Orange, State of California.

The property is located at

2244 Shapiro St.

Fullerton, CA 92833

A.P.N. 280-331-67 (See Exhibit )Legal Description

The value of the property exceeds $25,000. Therefore, this court is proper venue.

## PARTIES TO ACTION

1.  Plaintiff Stephen Ko ("Ko") is, and at all times mentioned herein was, an individual residing in the State of California, County of Orange, and is the current record owner of the Property, a single family residence, the Subject Property is Plaintiff's primary residence and owner-occupied. Plaintiff Stephen Ko is an assignee of property. Plaintiff was co-owner of subject property and interested party of property. Co-owner/Borrower Doo Ko purchased above property in 2007.

2.  Defendant Caliber Home Loans, Inc. ("Caliber") is, and at all times mentioned herein was, a corporation organized and existing under and pursuant to the laws of the State of Delaware, and doing business in Orange County, California. Based upon information and belief, Caliber's principal place of business is located in Irving, Texas. Caliber was the loan servicer on the mortgage loan and during said time period was acting at the request and on behalf of Defendants U.S. Bank Trust, N.A. and the LSF9 Master Participation Trust.

3. Defendant U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") is and at all times herein mentioned was an organization of unknown type doing business in Orange County, California. Based upon information and belief, U.S. Bank's principal place of business is St. Paul, Minnesota or Delaware. On Plaintiffs' information and belief during the acts complained of herein Defendant U.S. Bank was acting as Trustee for and on behalf of the LSF9 Master Participation Trust and engaged Defendant Caliber to service the loan at their request, on their behalf, and under their instruction and direction.

4. Quality Loan Services Corporation ("Quality"), is a California Corporation with its principal place of business in San Diego, California.

5. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 10 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names. Plaintiffs are informed and believe and based on such information and belief allege that each of the DOE Defendant is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiffs will amend this Complaint to set forth the true names and capacities of each DOE Defendant when same are ascertained.

6. Plaintiff is informed and believe and based on such information and belief allege that Defendants Caliber, U.S. Bank, and DOES Defendants 1 through 10, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein. Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or

member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## NATURE OF THE CASE

7.  The claims set forth in this Complaint seek to redress Defendants' knowing and serial failures to adhere to the express requirements of law.

8.  The claims further seek to redress Defendants' knowing use of deficient and inaccurate Certificates of Compliance, a required condition precedent under California Civil Code section 2923.55 to the recording of Notices of Default on Plaintiff's home and the subsequent foreclosure on such properties based on the invalidly recorded Notices of Default.

9.  The individual claims set forth in this Complaint seek to redress violations of law for and related to (1) the wrongful filing and recording of a 2017 Notice of Default ("NOD") and 2017 Notice of Trustee's Sale against Plaintiff's home and through such filing the initiation of nonjudicial foreclosure against his property by persons or entities lacking standing to assert such claims; (2) the wrongful attempt to collect monies on a mortgage debt that the parties seeking to collect do not own and which cannot be validated or substantiated in terms of the nature, extent, or amount of the debt; (3) Defendants' knowing and repeated failure to timely provide Plaintiffs specific documentation substantiating their standing to initiate a non-judicial foreclosure, as well as their ability to validate the amount of mortgage debt allegedly owed under the mortgage loan; (4) the apparent fabrication and forgery of documents upon which Defendants now rely for the authority to act; and (5) the wrongful attempt to assert an invalid ownership interest in contravention of Plaintiff's clear title.

## FACTUAL ALLEGATIONS AND BACKGROUND

10. The signers on Assignment of Deed of Trust(2015, 2016), Substitution of Trustee (2016), Notice of Trustee's Sale(2017) and Trustee's Deed Upon Sale (2017) were not signed by an Officer for the Corporate Entity. An Employee or person holding a purported Power of Attorney for a Corporation cannot sign Real Estate Documents, unless he or she is also a corporate officer. Although the Documents may appear valid on their face. The signature are void, because persons who signed the above stated documents did not have the legal capacity to sign them. Therefore, they are void documents.

11. Defendants are lacking possession of requisite legally enforceable, recorded assignments, and Defendants are unable to verify and demonstrate the chain of ownership and assignment of the mortgages from the actual mortgagee. Further, Defendants are lacking sufficient evidence to support the claims of a default. Thus, Defendants' pattern and practice of filing foreclosure actions in state and federal courts while clearly lacking the right to do so is a clear violation of Plaintiff's rights.

## BACKGROUND HISTORY

12. To record a NOD as a predicate to instituting a non-judicial foreclosure in California, the foreclosing party (usually a bank or similar entity) must, at the time it records the NOD, validly hold the mortgage note and the beneficial interest under the deed of trust. If the entity does not hold such ownership interest, any recording of the NOD is invalid. In this case, Defendant Caliber, presumably at the request and direction of Defendants (themselves acting on behalf of Defendant U.S. Bank Trust), recorded a NOD(May 2017) on Plaintiff's home as the first step towards carrying out a non-judicial foreclosure. As will be discussed herein, Caliber did this even though U.S. Bank Trust did not have the legal standing or authority to

do so because U.S. Bank Trust did not own the loan at the time Caliber recorded the NOD(May 2017).

13. Defendant U.S. Bank Trust held itself out as the owner of the underlying Promissory Note and the holder of the beneficial interest under the deed of trust. Ostensibly, it held the interest by virtue of assignments of the original Promissory Note and Deed of Trust from the original lenders. In truth, U.S. Bank Trust was not the owner of or in possession of the Promissory Note or a holder of the beneficial interest under Co-owner Doo Ko's deed of trust because the Promissory Note and Deed of Trust, and accordingly the beneficial interest under such instruments were never properly or legally transferred from the original lender to U.S. Bank Trust.

14. Moreover, Defendant Caliber, as servicer of the loan and acting as the agent for and at the behest of Defendant U.S. Bank Trust, had an affirmative duty and obligation under the law to independently review competent and reliable evidence (including at a minimum the Note and Deed of Trust Assignment and Endorsement Chain, as well as the mortgage loan file received from prior loan servicers) to ensure that U.S. Bank Trust was, in fact, the valid legal owner and thus entitled to direct them to actually record the NOD. Such review, which U.S. Bank Trust should have insisted upon, would have revealed that there were significant gaps and discrepancies in the respective Note and Deed of Trust Assignment and Note Endorsement chains of title, and, as a result, that real questions existed as to whether or not the U.S. Bank Trust was, in fact, the valid owner of the underlying Promissory Note and the holder of the beneficial interests at the time the NOD was recorded and at the time the Notice of Trustee's Sale was issued.

Exhibit 1, Page 6 of 99

15. Indeed, prior to the NOD recording, Defendant Caliber had been put on notice, both by a review of the loan file received from the prior loan servicer as well as by repeated communications with Plaintiff's representative, of the existence of serious gaps and deficiencies in the chain of title of the loan (information that U.S. Bank as well as U.S. Bank Trust had either actual or constructive notice of) and that, as a result, there were serious questions as to who actually owned the loan.

16. Upon this servicing transfer, Plaintiff's representative contacted Defendant Caliber, alerted them to the chain of title problems, and urged Caliber to exercise restraint in reinitiating any non-judicial foreclosure actions against the property considering the serious title issues presented. On Plaintiff's information and belief, Caliber advised U.S. Bank Trust of these communications. Plaintiff, as was their statutory right, also requested that Defendant Caliber provide documents substantiating the legal ownership by U.S. Bank Trust of the Note and Deed of Trust, including the Note and Deed of Trust Assignment and Endorsement Chain on the loan -- a request that Caliber only partially complied with and not within the time limits imposed by law, in violation of the provisions of the Real Estate Law. Eventually Caliber conceded this failure in writing.

17. Caliber employee admitted, that it too had found gaps in the documented chain of title, but remarkably advised that it intended to "recreate" endorsement chains and "corrective" assignments to fill in the acknowledged gaps. With full knowledge of these legal deficiencies and the absence of competent and reliable evidence of the legal authority of U.S. Bank Trust or their representative Defendant U.S. Bank to do so, Caliber still proceeded to record a NOD (May 2017) on Plaintiff's home and to issue a Notice of Trustee's Sale.

18. Additionally, Caliber had the wrong party execute the Certificate of Compliance required under Civil Code 2923.55, and the trustee representing the purported owner nevertheless attested to its accuracy despite the error being readily apparent on the face of the document. Compliance with the provisions of Civil Code 2923.55 is a pre-requisite to the ability to record a NOD, thus this failure to comply rendered such recording void and invalid. Caliber's knowing and intentional actions go far beyond simple negligence. Caliber abrogated and rejected its affirmative obligations under law. In failing to fulfill and discharge their statutory obligations, Defendants violated the laws and subjected homeowners to the wrongful recording of a NOD(May 2017) on his home, the issuance of a baseless Notice of Trustee's Sale and thus the wrongful initiation of a non-judicial foreclosure.

19. Further, because the mortgage loan was not owned by U.S. Bank Trust, Defendants Caliber and U.S. Bank Trust lacked the legal authority to collect on the alleged debt. Nevertheless, Defendants continued to send mortgage statements to homeowner to collect on a debt not owed to U.S. Bank Trust. Caliber also sought to collect on a debt it could not validate, nor could it ascertain how much was supposedly owed.

20. Under said debt, as it conceded in writing that it lacked a full and complete payment history on the loan (documentation needed for Caliber, and U.S. Bank Trust validate the amount of the alleged debt). Rather, Caliber relied on what it had received (albeit incomplete) from the prior servicer, Ocwen. Caliber then, despite acknowledging that there were unexplained financial discrepancies in the debt validation statements, mortgage statements and other demands for payment it had sent to homeowner on behalf of Defendant U.S. Bank Trust, nevertheless attempted to collect the debt as if it had the authority to do so and as if the

amount was validated and undisputed. These actions violated California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")

21. Finally, in reliance on flawed and inconsistent chain of title documents as well as deceptive and imaginatively created (if not outright fraudulently manufactured) documents, Defendants slandered Plaintiff's title to his home and seek to impose a superior ownership in contravention of his clear title to the property. This too is improper.

## STATEMENT OF FACTS

22. Plaintiff is co-owner home located at 2244 Shapiro St., Fullerton, CA 92833. Co-Owner Doo Ko purchased above property on or about July 2, 2007 as instrument 2007000427193 (Recorded on 7/9/2007), of official records in the Office of Recorder of Orange County. Doo Ko obtained a mortgage from Bank of America, N.A.("BOA") The loan was evidenced by a promissory note and secured by a Deed of Trust for the real property at 2244 Shapiro St., Fullerton, CA 92833 ("Property").

23. On March 5, 2010, a Notice of Default("NOD") was recorded against the property. On April 5, 2010, a Substitution of Trustee was recorded ("2010 Substitution of Trustee"). On June 15, 2010 and February 21, 2012, a Notice of Trustee's Sale was recorded against the property. On May 9, 2013, a Notice of Rescission of First NOD was recorded against the property.

24. On May 27, 2014 and July 10, 2014, an Assignment of Deed of Trust and Corrective Assignment of Deed of Trust were recorded. On October 14, 2014, a Substitution of Trustee (to Western Progressive LLC) was recorded. On November 21, 2014, a Second Notice of Default("NOD") was recorded against the property. See Exhibit 6. On April 8, 2015, a Notice of Trustee's Sale was recorded against the property. In California, a Notice of Default does

- 9 -
COMPLAINT

not expire. The Notice of Default would be active until a Notice of Rescission or a
Reconveyance is recorded. Notice of Rescission of Second NOD was not recorded against the
property until Trustee's Sale. Since NOD(November 2014) is valid, Defendants and/or DOES
1-10 failed to recorded Notice of Rescission of NOD (November 2014), thus NOD (May
2017) is void therefore foreclosure sale in 2017 was invalid and void. Plaintiff alleges
NOD(11/21/2014) is still valid, Plaintiff alleges Defendants and/or DOES 1-10 failed to
recorded Notice of Rescission of 2014 NOD, therefore NOD (May 2017) was void and
Trustee's Sale in 2017 was Void. Thus Trustee's Deed Upon Sale (TDUS) in 2017 was void.

25. On April 16, 2015, an Assignment of Deed of Trust was recorded. On October 7, 2016, an
Assignment of Deed of Trust was recorded. Exhibit 8.

26. On November 1, 2016, a Substitution of Trustee was recorded("2016 Substitution of
Trustee").

27. On or about May 17, 2017a Notice of Default("NOD") was recorded against the property. See

28. On or about August 22, 2017, a Notice of Trustee's Sale was recorded against the property.

29. On or about August 25, 2017, Plaintiff and borrower contacted Caliber. Plaintiff was told that
there would be no foreclosure sale, because Borrower was in a loan modification review.
Notwithstanding, Defendants scheduled sale Plaintiff's home on September 25, 2017.

30. On October 4, 2017, a Trustee's Deed Upon Sale was recorded.

31. On or about October 30, 2017, Caliber and U.S. Bank Stated Plaintiff's Property "No
Trustee's Sale has been taken place."

32. Borrower also told Quality that Caliber and U.S. Bank Stated "No Trustee's Sale has been
taken place". Quality said there's a mistake regarding foreclosure. Quality finally told
Plaintiff and Borrower Trustee's Sale will be reversed.

Exhibit 1, Page 10 of 99

33. On or about August 20, 2018, U.S. Bank trust filed an unlawful detainer against Doo Ko and other tenants. U.S. Bank Trust filed an unlawful detainer in bad faith. U.S. Bank Trust knew foreclosure process was void and invalid.

34. Plaintiff recently discovered U.S. Bank Trust, N.A. obtained Writ of Possession wrongfully. Plaintiff was occupant but Plaintiff was not named in the accompanying Writ of Possession. Plaintiff alleges that Defendants knew Plaintiff was co-owner and occupant of the premises before the date the Unlawful Detainer (Eviction) action was filed. Plaintiff alleges Randall Naiman, Attorney for U.S. Bank Trust, N.A. was aware Plaintiff was owner and occupant, but U.S. Bank Trust did not add Plaintiff in Writ of Possession. Plaintiff alleges U.S. Bank Trust intentionally omitted to add Plaintiff in UD Complaint and Writ of Possession. A prejudgment Claim of Right to Possession form was not served with the Summons and UD Complaint. This Eviction results from Wrongful Foreclosure. Plaintiff occupied the premises on the date UD Complaint was filed. Plaintiff has continued to occupy the premises ever since. Plaintiff still occupies the premises, now Plaintiff is in danger of lockout. Defendant U.S. Bank Trust failed to comply with their obligations and refrain from any further attempts to lock Plaintiff out of Plaintiff's home. On October 27, 2019, Plaintiff sent a letter attorney for Defendants and requested stop lockout of Plaintiff's home.

## HISTORY OF THE MORTGAGE LOAN AND PROPERTY OWNERSHIP

35. On May 22, 2014, Indecomm Global Services on behalf of the original lender Bank of America, N.A., executed an Assignment of DOT, assigning it to Christiana Trust, a division of Wilmington Saving Fund Society, FSB, not in its individual capacity but as Trustee of

ARLP 3 ("Christina Trust"). This Assignment of Deed of Trust was recorded on May 27, 2014. On July 8, 2014, Indecomm Global Services on behalf of the original lender Bank of America, N.A., executed an Assignment of DOT, assigning it to Christiana Trust, a division of Wilmington Saving Fund Society, FSB, not in its individual capacity but as Trustee of ARLP 4 ("Christina Trust"). This Corrective Assignment of Deed of Trust were recorded on July 10, 2014.

36. On March 19, 2015 Ocwen Loan Servicing on behalf of Christiana Trust, a division of Wilmington Saving Fund Society, FSB, not in its individual capacity but as Trustee of ARLP 4, executed an Assignment of the DOT, assigning it to Wilmington Trust, National Association, not in its individual Capacity But as Trustee of ARLP Securitization Trust, Series 2014-2("Wilmington Trust"). This purported assignment was invalid and void because the Note and DOT had been previously assigned to Christina Trust on July 10, 2014. A copy of this March 19, 2015 assignment is attached hereto as Exhibit.

37. Ocwen Loan Servicing LLC("Ocwen") had recognized that there were gaps in the chain of title of the loan and was attempting to address this by creating a new document to fill in the gaps one year after the fact. This April 16, 2015 assignment was invalid because Wilmington Trust had no authority to make this assignment, first because Wilmington Trust had already assigned the loan one year earlier.

38. **On or about July 20, 2015, Plaintiff became a co-owner of subject property. Grant Deed(Orange County Recording # 2015000403749) was recorded on August 4, 2015. See Grant Deed.**

39. On October 7, 2016 Wilmington Trust recorded an assignment of the DOT to U.S. Bank Trust, N.A. ("U.S. Bank Trust"). However, Wilmington Trust lacked the legal authority to do so based on the previous assignment to Christina Trust in July 2014. Further, this assignment

- 12 -
COMPLAINT

impermissibly bifurcated the Note and DOT, only purporting to assign the latter. A copy of this assignment is attached hereto as Exhibit. On Plaintiff's information and belief, notice of this purported transfer of ownership was never provided to them by U.S. Bank Trust, in violation of law.

40. All Defendants failed to disclose the mandatory duties to disclose the Assignment of DOT to Plaintiff and borrower within 30 days.

41. In Substitution of Trustee(11/1/2016), the signer did not provide the required information to sign a document in signature block such as name of the person signing the document and the capacity in which the person is signing in signature block and the date on which the document was signed. The date on which the contract should be included to show the contract's effective date. The signature was not dated in signature block. The proper signature should include name, title and the name of the organization. Since companies cannot sign for themselves, this signature identifies the person signing, the title and authority of the person, and the name of the contracting party. If signing on behalf of a business, they must provide title. But U.S. Bank Trust and/or Caliber did not indicate signer's name & the signer's title underneath signature. U.S. Bank Trust and/or Caliber did not record the Power of Attorney or agency agreement the notice(Substitution of Trustee) as required under California Law. Thus Quality executed and recorded 2017 NOD before it had the legal authority to do so. Accordingly 2017 NOD and all subsequent documents(2017 NTS & 2017 TDUS) are void and of no legal effect.

42. Moreover, based upon information and belief, Arturo Zarazua did not have the legal authority to sign on behalf of Defendants as he did not enter into a power of attorney agreement. Lastly, 2016 Substitution is void because the Power of Attorney allegedly giving Arturo Zarazua to

execute and record the Substitution was not recorded concurrently with the Substitution in violation of California law, including, but not limited to, California Civil Code Section 2933.

43. Additionally, 2016 Substitution is void because it did not disclose Artuto Zarazua's principal and did not subscribe BOA's name to it in violation of California Civil Code Section 1095. As there was not an assignment of DOT from BOA to U.S. Bank Trust, the failure to subscribe BOA to the Substitution rendered it invalid and void.

44. Nevertheless, Quality thereafter recorded a Notice of Trustee's Sale in 2017. A true and correct copy of the notice is attached hereto as Exhibit. As duly recorded and legally valid NOD and Substitution of Trustee is required before Quality could serve an record a Notice of Trustee's Sale, and the former never happened, the Notice of Trustee's Sale was also void and of no legal effect.

45. A supporting Declaration of Compliance was recorded by Caliber Home Loans or Trustee. A review of the Declaration of Compliance reveals however that it was not executed by Caliber, the present loan servicer, on behalf of the present purported owner of the loan, U.S. Bank Trust. Rather, the Declaration was executed back in 2014 by Ocwen Loan Servicing LLC, a predecessor servicer, on behalf of Christina Trust. Further, this Declaration of Compliance was regarding a former NOD recorded by Ocwen. As such Declaration of Compliance attached to the 2017 NOD were void and invalid, as Defendant Caliber failed to comply with the provisions of California Civil Code § 2923.55, and California Civil Code § 2924.17(a), rendering the NOD void. The Notice of Default was not mailed until May 17, 2017.

46. On or about August 15, 2017, Borrower sent Caliber letter disputing that the U.S. Bank Trust was the true legal owner of the loan, and asserting that it could not establish that it was legally entitled to either collect on the debt or to seek to foreclose on the property. This was based on

the recorded assignment chain which indicated that there were significant gaps in the chain of title.

47. However, Caliber did not respond within 30 days and did not provide the documents requested, as required by law.

48. On May 17, 2017, a Notice of Default and Election to Sell Under Deed of Trust, with a supporting Declaration of Compliance was recorded by Caliber. A copy of this NOD is attached hereto as Exhibit. Included in the NOD was a statement by the Trustee's representative attesting that the loan servicer of Plaintiffs loan, Caliber, had fulfilled its obligations under California Civil Code § 2923.55, (the fulfillment of which is a necessary predicate to being able to legally record a NOD in California) by executing a Declaration of Compliance to the Notice of Default, which Declaration was attached and recorded. A review of the Declaration of Compliance reveals however that it was not executed by Caliber, the present loan servicer, on behalf of the present purported owner of the loan, U.S. Bank Trust. Rather, the Declaration was executed back in 2014 by Ocwen, a predecessor servicer, on behalf of the Christina Trust. Further, this Declaration of Compliance was regarding a former NOD recorded by Ocwen . As such both the Trustees attestation as well as the Declaration of Compliance attached to the NOD were invalid, as they failed to comply with the provisions of California Civil Code § 2923.55, and California Civil Code § 2924.17(a), rendering the NOD void. The May 2017 Notice of Default was not mailed. On Plaintiff's information and belief the loan was not in default at this time because Ocwen, and then Caliber, in the form of required servicer advances, had been paying to the purported owner of the loan all monthly payments of principal and interest supposedly due under the terms of the Promissory Note and Deed of Trust.

49. Defendants, prior to taking the foreclosure related actions herein alleged, did not ensure, as required by statute, that they had reviewed competent and reliable evidence substantiating their legal authority to record, either themselves or as the beneficiary's agent, the Notice of Default. Indeed, at the time the NOD was recorded, in addition to the foregoing failures, Defendants also knew or from a review of competent and reliable evidence should have known, that the NOD was recorded despite the failure to first provide Plaintiff with the required Notice of Default and Intent to Accelerate and the requisite time to cure the alleged default as required by the applicable DOTs.

50. In addition, a review of the Declaration of Compliance attached to Plaintiffs' NOD reveals that it was neither accurate nor complete. First, it was not executed by Caliber, the then loan servicer, on behalf of the then purported owner of the loan, U.S. Bank Trust. Instead, the declaration was executed back in 2014 by Ocwen, the predecessor servicer to Caliber, and was executed not on behalf of U.S. Bank Trust, but on behalf of another entity altogether, the Christiana Trust. Second, this declaration was executed in connection with and as support for a wholly separate and prior NOD that was recorded by and subsequently rescinded by Ocwen. The recording of the present NOD by Caliber was required to be accurate and complete, and supported by competent and reliable evidence. Caliber also had to comply with the provisions contained within Civil Code section 2923.55. They did neither. On information and belief, the Declarations of Compliance attached to the NOD is likewise inaccurate and/or incomplete.

51. Plaintiff alleges that Caliber and U.S. Bank Trust cannot support the May 2017 NOD with an almost three (3) year old declaration executed by a different servicing entity on behalf of a different purported owner. Nor can Caliber and U.S. Bank Trust support the current NOD with an almost three (3) year old declaration. There is no basis for the Trustee's attestation or

any possible way that the loan servicer, Caliber, fulfilled its obligations under Civil Code §
2923.55, and Civil Code Section 2924.17. For these reasons, the recording of the May 2017
NOD by Caliber on behalf of U.S. Bank Trust was on its face void and invalid. Despite these
serial and material HBOR violations, and despite the lack of competent and reliable evidence,
Defendants nevertheless proceeded to record the NOD. Although required to do so prior to
recording a notice of default, Caliber failed to provide Plaintiff with notice of their right to
request a copy of the promissory note, the deed of trust, all assignments of the deed of trust
and a copy of the payment history on the loan. Nor did Caliber attempt to contact the Plaintiff
or borrower to assess their financial condition as required to be attested to in the Declarations
in support of the NODs.

52. On November 21, 2014, a Second Notice of Default("NOD") was recorded against the
property. In California, a Notice of Default does not expire. The Notice of Default would be
active until a Notice of Rescission or a Reconveyance is recorded. Notice of Rescission of
Second NOD was not recorded against the property until Trustee's Sale. Therefore
foreclosure action (2014 NOD) was pending against Doo Ko in 2017. 2017 NOD & 2017
NOT is void because 2014 NOD was pending in 2017. Western Progressive LLC was trustee
in Second NOD(2014). Caliber and U.S. Bank Trust knew Quality was not valid trustee for
foreclosure action in 2017.

53. Attached hereto as all Exhibit is a true and correct copy of Notice of Default ("NOD") dated
11/21/2014 (Orange County Recorder #2014000502000) This 2014 NOD recorded by
Western Progress, LLC(Trustee), Loan Servicer Ocwen Loan Servicing, LLC(Loan Servicer)
and Beneficiary Christina Trust (Beneficiary) in this matter which is still valid. Notice of
Rescission of 2014 NOD was not recorded against the property until Trustee's Sale.

54. Thus, any and all subsequent Assignment of Deed of Trust were recorded by lender or trustee, it must be voided. Once original NOD was recorded in 2014, 2014 NOD is still valid. In California, a Notice of Default does not expire. The Notice of Default would be active until a Notice of Rescission or a Reconveyance is recorded. Notice of Rescission of 2014 NOD was not recorded against the property until Trustee's Sale. Since 2014 NOD is still valid, Trustee's Sale in 2017 was Void. Therefore Trustee's Deed Upon Sale (TDUS) is void.

55. As such, Plaintiff alleges there's no question that Christina Trust was beneficiary when 2014 NOD was recorded by Western Progressive, LLC(Trustee) 2014 NOD is still valid because California Civil Code section 2924(a)(6) specially authorizes "the holder of beneficial interest under the mortgage or deed of trust... or the designated agent of holder of the beneficial interst." to "record or cause a notice of default to be recorded or otherwise initiate the foreclosure process." Cal.Civ.Code section 2924(a)(6)

56. On 4/16/15, A Void Assignment of DOT was recorded. The Assignment was void because (1) it reflected Ocwen was Christina Trust's Attorney in fact when no power of attorney was recorded in orange county appointing Ocwen as Christina Trust's attorney in fact. (2) Vicki Pospisil, a known robo-signer, signed the document for Ocwen. Vicki Pospisil is also known robo-notary.

57. Since April 2015 Assignment of DOT was void. Assignment of DOT to U.S. Bank Trust is void because of broken chain of title. Then November 2016 Substitution of Trustee was also void because U.S. Bank Trust did not have a beneficial interest in the deed of trust, substituted Quality as trustee. U.S. Bank Trust did not purchase the deed of trust. Even if U.S. Bank Trust purchased the Deed of Trust, Substitution of Trustee still void because (1) it reflected Caliber was U.S. Bank Trust's Attorney in fact when no power of attorney was

Exhibit 1, Page 18 of 99

recorded in orange county appointing Caliber as U.S. Bank Trust's attorney in fact. (2) Arturo Zarazua, a possible robo-signer, signed the Substitution of Trustee for U.S. Bank Trust or Caliber.

58. Further, based upon information and belief loan servicers, such as Caliber and/or Ocwen, of residential mortgages that are collateral for residential mortgage backed securitized trusts (RMBS) such as Plaintiff herein, as well as in some cases for loans that are held for whole loan investors, are required under the terms of the related servicing agreements to make servicer advances. These servicer advances provide continuity of payment to the investors and preserve the related collateral. Servicer advances typically cover, with respect to each mortgage, principal and interest payments on the underlying mortgages, property taxes and assessments and property insurance premiums. As a result of these servicer advances by parties unrelated to the underlying loan agreement, Plaintiff's obligations under the Promissory Note and the Deed of Trust have been met to the securitized trusts purportedly owning the loans and as such they are not and were not in default of the loan obligations. Accordingly, the filing of Notices of Default and the initiation of foreclosure proceedings on Plaintiff's subject to such servicer advances are invalid.

59. Defendants admitted that there were gaps in the chain of title and were aware that there was a myriad of other problems, which made were at odds with the requirement that they have competent and reliable evidence. Additionally, had Defendants reviewed competent and reliable evidence before recording the 2017 NOD, they would have seen the errors and irregularities in the documents and ownership and would have recognized they did not have the legal right or standing to take the actions they took. They would have also realized that they had not complied with the provisions of Civil Code section 2923.55 and accordingly

lacked the ability to record the 2017 NOD, or issue the Notice of Trustee's Sale with respect to the Property. On information and belief, these actions were conducted on Plaintiff.

60. Plaintiff suffered actual economic damages as a direct and proximate result of Defendants' misconduct.

61. The assignment was a nullity and so U.S. BANK TRUST, N.A. LSF9 MASTER PARTICIPATION TRUST ("U.S. Bank Trust ") was not the true owner or holder of Doo Ko's note and trust deed, was not owed any money under Doo Ko's loan documents, and thus had no power to authorize initiation of the foreclosure sale and eviction.

62. Plaintiff alleges that Caliber and U.S. Bank Trust knew there was a "broken chain of assignments of DOT" and Plaintiff was not the "Holder in due Course" of the note and was not properly assigned the debt. U.S. Bank Trust is not Lender.

63. Plaintiff alleges that 2016 Substitution of Trustee was void or invalid for three reasons: (1) Assignments of Deed of Trust(DOT) being void, U.S. BANK TRUST. N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST. lacked the power to execute the substitution; (2) the signature on the substitution was forged or was made by an individual who did not have authority to act on behalf of Plaintiff; There's break of chain of title. It is also very important to note that the Trust Agreement revealed here also acknowledges that it includes/involves "LSF9 Mortgage Holdings, LLC." as the "Depositor." This entity is almost universally missing in chain of title."LSF9 Mortgage Holdings, LLC." must appear before Defendants assign to U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST.

64. Plaintiff alleges that Notice of Default(11/21/2014) is filed by "CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS

Exhibit 1, Page 20 of 99

INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 4" would be active until a Notice of Rescission or a Reconveyance is recorded. Plaintiff alleges that Defendants and DOES Defendants did not file Notice of Rescission of 2014 NOD. So Plaintiff alleges that 2014 NOD foreclosure actions was pending in 2017. Therefore Plaintiff alleges NOD(May 2017) by Defendants was void.

65.    On or about 10/07/2016, Wilmington Trust, National Association, Not In Its Individual Capacity But As Trustee of ARLP Securitization Trust, Series 2014-2 Filed Assignment of Deed of Trust to U.S. Bank Trust. "Wilmington Trust, National Association, Not In Its Individual Capacity But As Trustee of ARLP Securitization Trust, Series 2014-2 (Address: 1110 Strand Street Suite 2A, Christiansted, VI 00820)" does not now and never has existed at that address, that it has no personnel, nor desk, no chair, nor telephone, nor assigned parking space, nor filing cabinet, nor any other indicium of possessory control, over the address recited, and the address as proffered is a charade and an obfuscation, intended to mislead the Court, and constitutes a fraud on court.

66. There is No valid Disclosure of Assignment of Deed of Trust to Plaintiff or Doo Ko within 30 days of transaction by Assignees. And furthermore, there's No valid Disclosure of Change of Loan Servicers as such Caliber, Ocwen, nor BOA herein within 15 days to Borrower Doo Ko.

67. Plaintiff alleges on information and belief that none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

68. Plaintiff further alleges that the foreclosure sale of the Subject Property was not executed in accordance with the requirements of California Civil Code Sections 1624, 2924 et seq.

69. That the Trustee who was acting as the agent of the principal failed to have written authorization to act for the principal and under Cal. Civ. Code Sec 1624 the agency relationship must also be in written form.

70. That the notices and foreclosure failed to conform with the provisions of California Civil Code Sections 1624, 2932.5 et seq., and Commercial Code section 3302 et seq

71. Plaintiff further alleges that Cal. Civ. Code section 2924 and its subparts are being applied to Plaintiffs in a manner that is unlawful, because at least in part the party acting as the Trustee proceeding with the foreclosure of Plaintiff's Subject Property notwithstanding the following facts and circumstances. Plaintiff is informed and believe that the Trustee was not in possession of the original Note, that the Note when it was assigned to the current beneficiary did not covey the power of sale because it violated the terms of California Civil Code section 2932.5, and as such the foreclosure of Plaintiff's subject property did not conform with the strict mandates of Civil Code section 2924.

72. Plaintiff alleges that Defendants unlawfully, and with full knowledge and intent, intentionally interfered with the subject contract promissory note and deed of trust for their own gain and at the expense and detriment of Plaintiff. Plaintiff denies and refutes that Defendants are a valid beneficiary or agent for beneficiary, a lawful assignee or entitled in any way under the contract deed of trust and further alleges that both Defendants claim to be entitled in some way under the contract without lawful or contractual authority.

73. Plaintiff alleges that all Defendants worked together in a scheme to convert a personal Instrument (Promissory Note) and subsequently real property to their own possession without lawful Authority.

74. Plaintiff alleges that any and all recorded instruments, including 2017 NOD and 2017 NTS are void because their purported authority flows from the void assignment instruments as fully examined and alleged above.

75. Plaintiff alleges that a controversy exists as to whether or not all Defendants acquired any rights to the loan contract. Defendants claim a beneficial or purchase interest in the contract and real property at this time.

76. Plaintiff alleges Defendant Caliber is instructing Quality to foreclose and sell Plaintiffs home without valid authority and is not the beneficiary.

77. Plaintiff alleges that Defendants' trustee is willfully, negligently, and with malice aforethought proceeding with foreclosure sales without information from the beneficiary. Plaintiff alleges that all Defendants willfully, negligently and with malice aforethought, filed, negligently relied upon or caused to be filed, a series of public documents known by both Defendants to be false at the time of the execution and filing of the instruments in the public record against public policy and against Plaintiffs' contract and property interests.

78. Defendants claim an interest that is adverse to Plaintiff's by intentionally interfering with a contract without such authority, and by failing to evidence, after notice by Plaintiff and request for such evidence, any document executed by the true beneficiary of the debt obligation, which authenticates Defendant's assertions that they are acting as bona fide agents and/or assignees for an authenticated beneficiary to Plaintiff's debt obligation.

79. Plaintiff alleges that borrower has rights to disclosures under Cal. Civ. Code §§ 2924.17(a), 2924.17(b). Plaintiff alleges that Defendants, as purported agent for the beneficiary and loan servicer, had a duty to provide Plaintiff: "… the mortgage servicer will ensure that the document is accurate and complete and supported by competent and reliable evidence."

Section 2924.17(a) states, "the mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrowers default and the right to foreclose." Furthermore, 2924.17(b) states, "A beneficiary, or his or her authorized agent, shall, within 21 days of the receipt of a written demand by an entitled person or his or her authorized agent, prepare and deliver to the person demanding it a true, correct, and complete copy of the note or other evidence of indebtedness with any modification thereto, and a beneficiary statement." Civil Code § 2943(b)(1).

80. Plaintiff alleges that Defendants did not perform any of the above described duties.

81. Plaintiff alleges that because of Defendants' acts and omissions, Plaintiff has been harmed and prejudiced.

82. As a direct and proximate result of Defendants acts and omissions, He is at immediate risk of losing possession to Defendants due to an illegal and oppressive sale by Defendant's acts and omissions; the property is encumbered by who have no lawful interest in the loan contract or real property. He has suffered emotional damages due to constant worry about whether or not the wrong party is going to dispossess his of his home. He cannot negotiate the contract with a party that has been authenticated as the lawful beneficiary to the debt obligation; he has been subjected to a wrongful foreclosure sale at the direction and execution of all Defendants named herein.

83. Plaintiff further alleges that defendants misrepresented about foreclosure sale. Plaintiff alleges Caliber told "No Trustee's Sale will take place in September 2017." Plaintiff also alleges Caliber and U.S. Bank Stated Plaintiff's Property "No Trustee's Sale has been taken place" in October 30, 2017. Plaintiff alleges that Defendants, and each of them, knew at the time they made these representations to Plaintiff or Borrower that they were untrue, and defendants

know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

84. Plaintiff alleges that, on or about 2015(second Assignment) and 2016(third Assignment), respectively, two assignments were executed that purported to assign Bank of America's beneficial interest in the Deed of Trust to Defendant. These assignments are void. The assignments to Defendant are void. Plaintiff also alleges that on or about November, 2016, Defendant purported to substitute in Quality Loan Services Corporation ("Quality") as Trustee. The Substitution of Trustee is void. Quality recorded a Notice of Default on May 2017. Plaintiff also alleges that the Quality's substitution as Trustee is void, because Defendant U.S. Bank Trust was not the beneficiary under the Deed of Trust and had no power to substitute a Trustee. Thus, Plaintiff contends that because Defendant is not a proper beneficiary under the Deed of Trust and Quality was not a proper Trustee, Defendant had no power to institute foreclosure proceedings.

85. Defendants engaged in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deed of trust, foreclosure of residential properties and related matters by among other things:

*Executing and recording false and misleading documents(Assignment of Deed of Trust, Substitution of Trustee, NOD, NOT, TDUS, etc.);

*Executing and recording documents without legal authority to do so;

*Failing to disclose the principal for which documents were being executed and recorded in violation of California Civil Code section 1095;

*Acting as beneficiaries and trustee without legal authorities to do so;

*Failing to comply with California Civil Code section 2923.5 in good faith;

*Misrepresenting the foreclosure status of property to Plaintiff and Borrower and other deceptive business practices, including those which may be uncovered during the course of discovery and for "abuse of process";

*Filing Eviction Complaint without legal authority to do so;

86. Plaintiff alleges that by engaging in above-described acts and/or practices as alleged herein, defendants have violated several California laws and regulations and said predicate acts are therefore per se violations of California Business Code section 17200 et seq.

87. Foreclosure of Plaintiff's home is wrongful, because Defendant is not the current beneficiary of the Deed of Trust and Quality was not properly substituted in as Trustee. In the context of non-judicial foreclosure proceedings, "only the current beneficiary" of a deed of trust "may direct the trustee to undertake the nonjudicial foreclosure process."

## FIRST CAUSE OF ACTION

## WRONGFUL FORECLOSURE

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

88. Plaintiff re-alleges and incorporates by this reference all of the allegations of the proceeding paragraphs as though fully set forth herein, in this cause of action.

89. Plaintiff is informed and believes and thereon alleges that after the origination and funding of his loan, it was sold or transferred to investors or other entities and that U.S. Bank Trust did not own the loans or the corresponding notes at the time of the foreclosure sale and/or BOA did not own the loans or corresponding notes at the time Chase allegedly acquired BOA's assets. Moreover, Quality was not lawful appointed as trustee by U.S. Bank Trust and/or DOES 1 through 10. Accordingly, none of Defendants in this action had the right to declare

Exhibit 1, Page 26 of 99

default, cause notices of default to bc issued or recorded, or foreclose on Plaintiff's interest in the Subject Property. None of the Defendants in this action was the note holder or a beneficiary at any time with regard to Plaintiff's loan.

90. Thus, it is with great suspicion that any foreclosure initiated or involving Defendants are highly suspect, given Defendant's propensity for forging documents..

91. Defendants' claim to ownership of the subject property is void and defective. Defendant(s) has no verifiable proof that it is the owner of the subject proper

92. The elements of a tort cause of action for wrongful foreclosure track the elements of an equitable cause of action to set aside a foreclosure sale: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust;  (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed;  and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.; and (4) no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale."

93. Plaintiff alleges that Defendants and their agent/or representatives caused illegal, fraudulent or willfully oppressive sale of the Subject Property. Defendants breached their obligation to Plaintiff or Borrower to notify him of any foreclosure alternatives he may have been eligible for. Defendants failed to comply with 2923.5(a) 2923.5(b). Therefore 2017 NOD taken thereafter are invalid and void.

94. Plaintiff alleges U.S. Bank Trust wrongfully purchased at auction on September 25, 2017 without a certificate of purchase; TDUS is recorded in Official records on 10/04/2017.

Trustee's Deed Upon Sale("TDUS") is void and does not meet statutory compliance

Defendants did not meet statutory requirements; therefore the TDUS is void, not voidable.

Plaintiff alleges Trustee's Deed Upon Sale ("TDUS") is void because "This instrument is

recorded at the request of Servicelink as an Accommodation only..." in first page of TDUS.

Trustee's Deed with "ACCOMMODATION ONLY" stamp is not valid deed. TDUS was

filed as an ACCOMMODATION ONLY with no insurance of truth or affect on title. Plaintiff

has no standing to begin eviction. This instrument is being recorded as an accommodation

only, with no representation as to its effect upon title. The document refers to is the Trustee's

Deed Upon Sale. The quoted "warning" is a disclaimer that the recorder stamped upon the

face of the instrument. Defendant's argument that "absence of showing of a better title or right

the bare prior possession of property is sufficient to indicate ownership and warrant a

recovery by the occupant." Validity of the apparent rightful holder based on the recorded

TDUS failed. TDUS would be defective and could not support U.S. Bank Trust's Possession.

95. Plaintiff alleges U.S. BANK TRUST did not acquire title to the subject property in any

capacity, trustee or otherwise. The Trustee's Deed Upon Sale indicates that the property was

"sold" to U.S. BANK TRUST on 09/25/2017 for the amount of $1,425,631.44. This is

impossibility as no funds have ever been tendered pursuant to this transaction. Since the

grantee acquired the property for no value as described in A.R.S. § 33-404(F) it does not

enjoy an exemption from disclosing the beneficiary as required by A.R.S. § 33-404(B). A.R.S.

§ 33-404(B) states, "... a grantor who holds title to the property as a trustee, whether or not

such capacity is identified on the document through which title was acquired, shall also

disclose the names and addresses of the beneficiaries for whom the grantor held title to the

property AND..." Additionally, Quality Loan Service Corporation was never appointed as a

trustee by an authentic and authorized party, it has neither capacity to effectuate said transaction nor any protections under Title 33, Chapter 6.1 for its egregious actions. As the beneficiary was not disclosed on the Trustee's Deed Upon Sale and the alleged trustee operated without authority, the instrument is void and of no force and effect.

96. Plaintiff alleges that Trustee's Sale was void because U.S. Bank Trust did not pay $1,425,631.44 cash consideration at the Trustee's sale on 9/25/2017 and do not have certificate of purchase or proof of payment for $1,425,631.44. Plaintiff alleges Credit Bid in Trustee's Sale was not acceptable from U.S. Bank Trust who is not a beneficiary under a deed of trust as defined by state statute.

A process is merely a methodology and a database is a compilation of information and it cannot be a "Beneficiary" as it cannot receive payments nor can it ever hold title to an instrument pertaining to real property or the real property itself. The process elaborating how "mortgage ownership and servicing rights are originated, sold and tracked" does not create statutory status as a Beneficiary. The Beneficiary cited in the Notice of Trustee's Sale never received an authorization from an original Beneficiary as there never was a statutorily compliant Beneficiary in the Deed of Trust. Since there was never a Beneficiary established in the Deed of Trust, the Deed of Trust is void and of no force and effect. The indicated Beneficiary has no authorization to initiate a "power of sale" against the property. It is possible that a mortgage could be construed to exist, but that would require judicial foreclosure instead of non-judicial private sale

97. The SUBSTITUTION OF TRUSTEE, which was recorded in the County of Orange Record's Office on November 1, 2016 for the property located at 2244 Shapiro St., Fullerton, CA 92833. Plaintiff alleges this is VOID SUBSTITUTION OF TRUSTEE. No signature by Entity(U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation). Substitution of Trustee is in fact not a Substitution of Trustee as there is no signature by U.S. Bank Trust. Person who appeared and signed in front of Notary Public is different Entity and Signature is

not dated. False signatures are considered a type of forgery which is an extensive category of

crimes that involves falsification of information on a document. Forgery is the faking of a

signature without permission, making a false document or changing an existing document

without authorization. Therefore, Substitution of Trustee to Quality Loan Service Corporation

is void.(See Void Substitution of Trustee) Again, In substitution of trustee on 11/1/2016,

there's No Signer's Name & No title of company information under signature line. Plaintiff

alleges U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust don't have

signer's name and title of a human being that is signing on behalf of party in signature block.

Therefore Plaintiff alleges U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation

Trust's Substitution of Trustee is VOID. If 2016 Substitution of Trustee is VOID, 2017 NOD,

2017 NOTS & 2017 TDUS is VOID. In 2017, a NOD was recorded by Defendant Quality

Loan Service Corporation("Quality"). Again, Plaintiff alleges Quality was not the successor

Trustee.

98. Plaintiff alleges the signer did not provide the required information to sign a document in

signature block such as name of the person signing the document and the capacity in which

the person is signing in signature block and the date on which the document was signed in

Substitution of Trustee(11/1/2016), The date on which the contract should be included to

show the contract's effective date. The signature was not dated in signature block. The proper

signature should include name, title and the name of the organization. Since companies cannot

sign for themselves, this signature identifies the person signing, the title and authority of the

person, and the name of the contracting party. If signing on behalf of a business, they must

provide title. But Plaintiff alleges U.S. Bank Trust did not indicate signer's name & the

signer's title underneath signature.

Exhibit 1, Page 30 of 99

99. Foreclosure Trustee must have authority to conduct sale. If Substitution of Trustee occurred as the result of the intervention of a party who was not a beneficiary, then no substitution occurred. Thus no right of possession arises. Plaintiff alleges Quality Loan Service Corporation was not valid trustee. Plaintiff further alleges on information and belief that none of the Defendants in this action were beneficiaries or representatives of the beneficiary. That is, none of them were assigned the promissory notes and deeds of trust executed by Plaintiff. Also, U.S. Bank Trust and/or Caliber failed to record the limited Power of Attorney concurrently with the substitution of Trustee (2016) as required under California law. Moreover, Arturo Zarazua did not have the authority to substitute the trustee under DOT and, even if he did, Quality acted unlawfully before it was allegedly substituted trustee.

100.    A valid Substitution of Trustee has never been made by a beneficiary with authority to appoint a successor trustee pursuant to A.R.S. § 33-804 (B) which states, "The beneficiary may at any time remove a trustee for any reason or cause and appoint a successor trustee, and such appointment shall constitute a substitution of trustee." The recorded Substitution of Trustee fails to meet the requirements of A.R.S. § 33-804 (D) in that no document has ever been acknowledged that substitutes or appoints a trustee by an authorized Beneficiary or its agent. A.R.S. § 33-420 (C), states, "A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid." A valid Substitution of Trustee to Quality Loan Service Corporation has never been made in accord with any contractual provision, California statute or court action. Therefore, the Notice of Trustee's Sale is void as the cited Trustee has never been authorized to exercise a "power of sale" against the property.

101.    More specifically, U.S. BANK TRUST had constructive notice of the defects alleged

by Defendants because the chain of title of the Property in the Official Records in the office of

the Recorder of Orange County, California Further, U.S. BANK TRUST, N.A. AS TRUSTEE

FOR LSF9 MASTER PARTICIPATION TRUST cannot be said to qualify as a bona fide

purchaser without notice since Caliber Home Loans, Inc. serves as a Servicer of U.S. BANK

TRUST, N.A. AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST.

102.    Failure to Comply with CCC § 2934. Caliber or Trust attempted to file several

improper Assignments of Deed of Trust. But All improper Assignments of Deed of Trust lack

Notices. Therefore Assignments of Deed of Trust are void. Any assignment of a mortgage and

any assignment of the beneficial interest under a deed of trust may be recorded, and from the

time the same is filed for record operates as Constructive Notice of the contends thereof to all

person. See Civil Code section 2934 Assignments of Deed of Trust's Notice is required. See

Civil Code section 2934. Also Plaintiff alleges an attempted second assignment of a loan by a

lender who has already assigned the loan away is void. If the transfer is void, that would mean

that the trust do not own the mortgages; and therefore lacks standing to foreclose and also

lacks standing to evict. Plaintiff alleges that there was an attempted second assignment of the

loan on April 16, 2015. Exhibit 7 Plaintiff alleges this second assignment is void. On March

19, 2015 Ocwen Loan Servicing on behalf of Christiana Trust, a division of Wilmington

Saving Fund Society, FSB, not in its individual capacity but as Trustee of ARLP 4, executed

an Assignment of the DOT, assigning it to Wilmington Trust, National Association, not in its

individual Capacity But as Trustee of ARLP Securitization Trust, Series 2014-2("Wilmington

Trust") and recorded on April 16, 2015.. This purported assignment was invalid and void

because the Note and DOT had been previously assigned to Christina Trust on July 10, 2014.

103.     Based upon the foregoing, U.S. BANK TRUST, has No standing to bring this foreclosure action such as NOD and file UD Complaint against Doo Ko. Bank Trust has no legal right to attempt to claim ownership of the subject Note and Mortgage, or any right as servicer, and is without any legal basis to attempt to foreclose the subject mortgage or to collect on the mortgage note because U.S. BANK TRUST did not receive Note from original Deed of Trust on or about 7/2/2007 as instrument number 2007000427193(See TDUS second Page & Deed of Trust) Deed of Trust is Null Void (chain of title is broken), the Note was endorsed in blank. (See Deed of Trust)

104.     U.S. Bank Trust fails to meet standards of duly perfected title requirements pursuant to Cal. Civ. Code §§ 2924, 2924 (h), 2924 (c), 2925 and 2953. Emphasis added; See, Bus. Oversight Desist and Refrain Order, Registry of Action, Request to Take Judicial Notice, Exhibit No. 1, tab 1. Furthermore, other Imperfections discovered within Plaintiffs Trustees Deed Upon Sale is objected to, for nothing more than "hear say".

105.     Doo Ko's Deed of Trust(Copy of pages 1 and 2 of the Deed of Trust) reflects that the Lender is Bank of America, N.A.("BOA") and the Trustee is PRLAP, Inc. there is no evidence that BOA has assigned the Note or Deed of Trust to U.S. Bank Trust.

106.     As to the second element, Plaintiff alleges that Plaintiff was harmed by, the loss of the home, the money and time spent on home alternative instead of another alternative such as short sale, deed in lieu of foreclosure, or other option.

107.     Plaintiff alleges Defendants, prior to taking the foreclosure related actions herein alleged, did not ensure, as required by statute, that they had reviewed competent and reliable evidence substantiating their legal authority to record, either themselves or as the

beneficiary's agent, the Notice of Default. Indeed, at the time the 2017 NOD was recorded, in addition to the foregoing failures, Defendants also knew or from a review of competent and reliable evidence should have known, that the 2017 NOD was recorded despite the failure to first provide Plaintiff with the required Notice of Default and Intent to Accelerate and the requisite time to cure the alleged default as required by the applicable DOTs.

108.     In addition, a review of the Declaration of Compliance attached to Plaintiffs' NOD reveals that it was neither accurate nor complete. First, it was not executed by Caliber, the then loan servicer, on behalf of the then purported owner of the loan, U.S. Bank Trust. Instead, the declaration was executed back in 2014 by Ocwen, the predecessor servicer to Caliber, and was executed not on behalf of U.S. Bank Trust, but on behalf of another entity altogether, the Christina Trust. See Exhibit. 2014 NOD. Second, this declaration was executed in connection with and as support for a wholly separate and prior NOD that was recorded by Ocwen. The recording of the present NOD by Caliber was required to be accurate and complete, and supported by competent and reliable evidence. Caliber also had to comply with the provisions contained within Civil Code section 2923.55. They did neither. On information and belief, the Declarations of Compliance attached to the NOD's of borrower is likewise inaccurate and/or incomplete.

109.     Plaintiff alleges Caliber and U.S. Bank Trust cannot support the 2017 NOD with an almost three (3) year old declaration executed by a different servicing entity on behalf of a different purported owner. Nor can Caliber and support the current NOD with an almost three (3) year old declaration. There is no basis for the Trustee's attestation or any possible way that the loan servicer, Caliber, fulfilled its obligations under Civil Code § 2923.55, and Civil Code Section 2924.17. For these reasons, the recording of the 2017 NOD by Caliber on behalf of

U.S. Bank Trust was on its face void and invalid. Despite these serial and material HBOR violations, and despite the lack of competent and reliable evidence, Defendants nevertheless proceeded to record the NOD. On information and belief, these activities were conducted on borrower.

110.    Although required to do so prior to recording a notice of default, Caliber failed to provide borrower with notice of his right to request a copy of the promissory note, the deed of trust, all assignments of the deed of trust and a copy of the payment history on the loan. Nor did Caliber attempt to contact the Plaintiff to assess their financial condition as required to be attested to in the Declarations in support of the NODs.

111.    Plaintiff alleges 2014 NOD(11/21/2014) is still valid and Defendants failed to record Notice of Rescission of 2014 NOD, thus NOD (May 2017) void and Trustee's Sale in 2017 was Void. Therefore Trustee's Deed Upon Sale (TDUS) is void. On November 21, 2014, a Notice of Default("NOD") was recorded against the property. In California, a Notice of Default does not expire. The Notice of Default would be active until a Notice of Rescission or a Reconveyance is recorded. Notice of Rescission of Second NOD was not recorded against the property until Trustee's Sale. Therefore foreclosure action (2014 NOD) was pending against Doo Ko in 2017. 2017 NOD & 2017 NOT is void because 2014 NOD was pending in 2017. Plaintiff alleges Beneficiary in NOD(November 2014) is Christina Trust. Plaintiff alleges NOD(November 2014) still valid. Thus wrong entity (U.S. Bank Trust) foreclosed in 2017.

112.    Defendants' actions as alleged herein constitute material violations of the HBOR and were carried out by Defendants intentionally, recklessly or were the result of willful misconduct by Defendants. Defendants admitted that there were gaps in the chain of title and

were aware that there was a myriad of other problems, which made were at odds with the requirement that they have competent and reliable evidence. Additionally, had Defendants reviewed competent and reliable evidence before recording the NOD, they would have seen the errors and irregularities in the documents and ownership and would have recognized they did not have the legal right or standing to take the actions they took. They would have also realized that they had not complied with the provisions of Civil Code section 2923.55 and accordingly lacked the ability to record the NOD, or issue the Notice of Trustee's Sale with respect to the Property. On information and belief, these actions were conducted on Plaintiff.

113. Plaintiff is informed and believes, and based thereon alleges Defendants are not the holders of the notes and deeds of trust and are not operating under a valid power from the current holders of the notes and deeds of trust, Defendants did not have the right to proceed with the foregoing foreclosures.

114. Plaintiff alleges that Defendants have no right, title, or interest in his deed of trust or his real property; thus, a controversy exists Defendants are alleged to have used false statements contained within recorded instruments as fully alleged herein.

115. Plaintiffs are informed and believe, and based thereon allege Defendants' Instruments as being forgeries.

116. The burden of proving an assignment falls upon the party asserting rights thereunder. In an action by an assignee to enforce an assigned right the evidence must not only be sufficient to establish the fact of assignment when that fact is in issue, but the measure of sufficiency requires that the evidence of assignment be clear and positive to protect an obligor from any further claim by the primary obligee.

117.    Defendants have unlawfully invoked Cal. Civ. Code § 2924 for non-judicial foreclosure by using or relying upon known forgeries in recorded instruments and without contractual or lawful authority.

118.    Under the Uniform Commercial Code, a negotiable instrument, such as a promissory note secured by a mortgage, may only be enforced by the holder or a person with the rights of a holder. Com. Code §3-301. For instruments payable to an identified person, such as a lender, a holder is generally recognized as the payee or one to whom the negotiable instrument has been negotiated. This requires transfer of possession and endorsement by the prior holder. Com. Code §3-201. Unless the parties otherwise provide, the mortgage follows the note. Cal. Civ. Code §2936. Defendants violated UCC 3-301.

119.    DEFENDANTS also violated UCC 9-203. Under UCC 9-203, to obtain an enforceable " security interest" (" ownership interest" ) in a deed of trust, a "secured party" ( i. e., " purchaser" of a note ) must first obtain an enforceable security interest ownership interest) in the note that the deed of trust secures. Under UCC 9-203, a security interest(ownership interest) in a note attaches to the note when the security interest becomes enforceable against the debtor/borrower, a security interest in a note becomes enforceable only after three requisites are met: (1) value must be given for the note; (2) the note must be transferred to the secured party by someone who has rights in the note or has the right to transfer rights in the note; and (3) the secured party must take possession. Article 9 UCC §203 requires payment of value as a condition precedent to enforcement of a mortgage or deed of trust. Defendants don't have proof of this Payment of Values.

120.    Though in California, the assignment of a note generally carries with it an assignment of the mortgage, it is still required in California that the holder of the note or a person

operating with authority from that holder be the foreclosing party and that the mortgage not

have been assigned away from that note.

121.    Defendants no longer own the notes it originated and there is just no way of knowing

who now owns the borrower's mortgage because the Defendants do not know who owns these

mortgages. Indeed, the Defendants do not know where it is that they obtained their alleged

rights to collect money from Plaintiffs thereunder.

122.    Once separated from the note, the trust deed is unenforceable and of no legal value. .

For negotiable instruments payable to an identified person, such as a lender, a holder is

generally recognized as the payee or one to whom the negotiable instrument has been

negotiated. This requires transfer of possession and endorsement by the prior holder. (Com.

Code §3-201). Unless the parties otherwise provide, the mortgage follows the note. (Civ.

Code §2936; see also Carpenter v. Longan(1872) 83 U.S. 271, 275).

123.    Cal. Civil Code §2936 provides: "the assignment of a debt secured by mortgage

carries with it the security." Defendants have no evidence that they own the notes or have any

power to enforce them from the rightful owners.

124.    Plaintiff has sufficiently alleged and incorporated herein that the recorded Assignment

of Deed of Trust(2015-2016), Substitution of Trustee(2016), Notice of Trustee Sale(2017),

Notice of Default(2017), and any other recorded documents contain false statements that were

memorialized by Defendants against the interests of Plaintiffs.

125.    Plaintiff alleges Defendants had a duty of care to verify all facts contained in those

instruments but failed to fulfill those duties.

126.    Defendants acted repeatedly to violate Plaintiff's rights under California law as

alleged herein, despite repeated attempts by Plaintiff to request legally required

documentation from Defendants and Defendants repeatedly refuse to provide documentation, affidavits, and/or otherwise to prove authority, status, and/or rights to foreclose on Plaintiff.

127.    Defendants acted outrageously and persistently with actual malice in performing the acts alleged in this cause of action. Accordingly, Plaintiff is entitled to exemplary and punitive damages in a sum according to proof and to such other relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

128.    Plaintiff has suffered actual economic damages as a direct and proximate result of Defendants' misconduct. Accordingly, Plaintiff is entitled to all relief provided by the HBOR, including legal fees. See Cal. Civ. Code § 2924.12(I). In addition, Plaintiff is entitled to injunctive relief pursuant to Section 2924.12(a)(2), with said injunction remaining in place until such time as the Defendants have corrected and remedied the various violations of the HBOR as set forth herein. On information and belief, these actions were conducted on Plaintiff. 2912.12 authorizes action to enjoin foreclosure, or for damages after foreclosure, for breaches of sections 2923.55 or 2924.17.

129.    Consequently, Defendants engaged in a fraudulent foreclosure of the Subject Property in that Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code Section 2923.5 and 2923.6, etc.

130.    Plaintiff alleges that 2017 foreclosure was defective as such the Property must be restored to Plaintiff and/or Plaintiff is entitled to the value of thereof.

131.    As a direct and proximate result, Plaintiff lost his home and inflicted great emotional distress and suffering on Plaintiff. Plaintiff is entitled to actual and statutory damages, plus reasonable legal fees and costs of suit, an amount to be proven at trial. As a direct result of U.S. Bank Trust and Doe Defendants' illegal/wrongful conduct, Plaintiff was injured and

1   damaged in that they were. As a legal and proximate cause of defendants acts, plaintiff has

2   suffered injury in an amount subject to proof

3                    EXCEPTION TO THE TENDER RULE

4   No tender will be required when the trustor is not required to rely on equity to attack the deed

5

6   because the trustee's deed is void on its face. A tender may not be required where it would be

7   inequitable to impose such a condition on the party challenging the sale. A tender will not be required

8   when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the

9   beneficiary. If the borrower's action attacks the validity of the underlying debt, a tender is not

10  required since it would constitute an affirmation of the debt. A tender will not be required when there

11  are allegations of fraud and/or the trustee's sale was void.

12

13

14                    **SECOND CAUSE OF ACTION**

15                    **FRAUD**

16           **(Against U.S. Bank Trust; Caliber and DOES 1 through 10)**

17  132.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the actions

18          contained in all prior paragraph of this complaint.

19

20  133.    Plaintiff alleges that Defendants, and each of them, have represented to plaintiffs and

21          to third parties that they were the owner of the Trust Deed and Note as either the Trustee or

22          the Beneficiary regarding Plaintiffs real property. Based on this representation they caused a

23          Notice of Default to be issued and recorded without disclosing their true role, and thereafter a

24          notice of intent to foreclose and finally they executed a foreclosure, which was completed,

25          permanently affecting Plaintiff's right, title and interest in the Subject Property. In fact,

26

27          Plaintiff alleges that the promissory notes which was executed by Plaintiff and which initially

28

formed a basis of a security interest in the subject property, was assigned in violation of Civil

Code section 2932.5 et seq. because the assignment was not recorded, and as such the

promissory note was rendered as non-negotiable and no power of sale was conveyed with the

note at the time of the assignment, and therefore, Defendants, and each of them, had no lawful

security interest in the subject property.

134.    Plaintiff is informed and believes that Defendants, and each of them, at the time of

execution of the Deed of Trust and Note maintained an interest in the Subject Property,

however at the time the Note and Deed of Trust were assigned to Defendant U.S. Bank Trust,

the Note was no longer negotiable and the power of sale was not conveyed during the

assignment, notwithstanding the foregoing, Defendants, and each of them, foreclosed on

Plaintiffs' Trust Deed, in concert with their scheme to defraud Plaintiff out of their property.

Plaintiff has recently learned that Defendants, and each of them, are not the legal owners of

the Note and TRUST DEED and was not at the time they issued the notices and commenced

the foreclosure process, notwithstanding the fact that the note was not negotiable and did not

contain a valid power of sale.

135.    Plaintiff alleges that Defendants, and each of them, knew at the time they made these

representations to Plaintiffs that they were untrue, and defendants know at the time that they

were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do

so.

136.    Plaintiff alleges Defendants, and each of them, intentionally and fraudulently

converted Plaintiffs' right, title and interest to their property, and any equity therein. By

Assigning Deed of Trust, BOA to U.S. Bank Trust was Fraud because non-disclosure of

Assignment of DOT to Plaintiff within 30 days.

137.     All Defendants violated Plaintiff's right of having equity, title and possession of the property herein.

138.     Plaintiff is still holder of the title of the property herein and Defendants do not have any title nor has any possession of the property herein.

139.     Caliber, orally and in writing, represented to Plaintiff that his home would not be foreclosed during the time that a loan modification, dispute letter was being reviewed for the first trust deed and during the time that the written Forbearance Agreement was in effect. As set forth above, the oral representations were made by various employees of Caliber who were employed in the Loan Mitigation Division.

140.     Caliber failed to disclose to Plaintiff or Borrower that it was taking the position that the Forbearance Agreement never went into effect and was null and void as a result of her first payment being late. Moreover, Caliber failed to disclose to Plaintiff that the Forbearance Agreement was completely worthless as Caliber intended to foreclose on the DOT regardless of the Agreement. Furthermore, Caliber fraudulently treated the FDOT and SDOT as though they were being serviced and held by two separate entities so as to confuse and mislead Plaintiff who believed that Caliber was Caliber whenever he communicated with it.

141.     Plaintiff further alleges that defendants misrepresented about foreclosure sale. . Plaintiff alleges Caliber told "No Trustee's Sale will take place in September 2017. Plaintiff also alleges Caliber and U.S. Bank Stated Plaintiff's Property "No Trustee's Sale has been taken place" in October 30, 2017. Plaintiff alleges that Defendants, and each of them, knew at the time they made these representations to Plaintiffs that they were untrue, and defendants know at the time that they were attempting to foreclose on Plaintiffs' Trust Deeds and notes that they had no right to do so.

142.     The representations of Caliber were false and fraudulent as Caliber caused a trustee's

sale to be scheduled on September 25, 2017, without Plaintiff's knowledge. Even Attorney for

Caliber and U.S. bank stated "No Trustee's Sale has been taken place." in October 30, 2017.

This was misrepresentation.

143.     Plaintiff alleges Defendants never disclosed to Plaintiff that the Subject Property

would be sold at a trustee's sale on that date. Caliber intentionally made the representations as

part of Caliber's pattern and practice to deceive borrower's such as Plaintiff into relying to

their detriment so that Caliber could foreclose on homes before borrower's could seek other

remedies or options. The exact same thing happened to Plaintiff. Plaintiff justifiably relied on

the oral and written representations of Caliber and Caliber's written Forbearance Agreement

that no foreclosure would take place during the loan modification and/or forbearance process

and did not seek other remedies or pursue other options. As a proximate result of Caliber's

fraudulent misrepresentations, Plaintiff lost his home and inflicted great emotional distress

and suffering on Plaintiff.

144.     Relying upon Caliber's promise that there was no foreclosure sale, and that there

would not be foreclosure sale date pending its review of Borrower's Loan Modification and

dispute letter. Caliber and other Defendants knew that this representation was false and

misleading. Defendants made these misrepresentations and concealed these facts.

145.     Even through September 2017, Plaintiff was ensured by Caliber that the review is on

going and no foreclosure would proceed. By foreclosing on the property after making

misrepresentations and false promises, Defendants deprived Plaintiff other options to save

home or avoid foreclosure.

146. Accordingly, as a result of Caliber's fraudulent conduct, Plaintiff has suffered, and will continue to suffer, compensatory, general and special damages in an amount to proof. Additionally, Caliber acted with malice, fraud and/or oppression and, thus, Plaintiff is entitled to an award of punitive damages.

147. On 4/16/15, A Void Assignment of DOT was recorded. The Assignment was void because (1) it reflected Ocwen was Christina Trust's Attorney in fact when no power of attorney was recorded in orange county appointing Ocwen as Christina Trust's attorney in fact. (2) Vicki Pospisil, a known robo-signer, signed the document for Ocwen. Vicki Pospisil is also known robo-notary.

148. Since April 2015 Assignment of DOT was void. Assignment of DOT to U.S. Bank Trust is void because of broken chain of title. Then November 2016 Substitution of Trustee was also void because U.S. Bank Trust did not have a beneficial interest in the deed of trust, substituted Quality as trustee. U.S. Bank Trust did not purchase the deed of trust. Even if U.S. Bank Trust purchased the Deed of Trust, Substitution of Trustee still void because (1) it reflected Caliber was U.S. Bank Trust's Attorney in fact when no power of attorney was recorded in orange county appointing Caliber as U.S. Bank Trust's attorney in fact. (2) Arturo Zarazua, a possible robo-signer, signed the Substitution of Trustee for U.S. Bank Trust or Caliber. There's no power of attorney attached indicating Arturo Zarazua had the authority for Caliber to execute 2016 substitution of trustee on behalf of U.S. Bank trust.

149. In Substitution of Trustee(11/1/2016), the signer did not provide the required information to sign a document in signature block such as name of the person signing the document and the capacity in which the person is signing in signature block and the date on which the document was signed. The date on which the contract should be included to show

the contract's effective date. The signature was not dated in signature block. The proper signature should include name, title and the name of the organization. Since companies cannot sign for themselves, this signature identifies the person signing, the title and authority of the person, and the name of the contracting party. If signing on behalf of a business, they must provide title. But U.S. Bank Trust did not indicate signer's name & the signer's title underneath signature.

150.     The signer on TDUS for Quality Loan servicing is a Dorian Bradley as Assistant Secretary, but this name is not in the employee generated system of Quality Loan Servicing when Plaintiff Called. Plaintiff suspects this is another robo signer of the documents who has many hats within the entities. There's was no perfected standing for U.S. Bank Trust and this is critical issue because the Trust has standing to foreclose if, and only if it is the mortgagee. If the notes and mortgage were not transferred to the trust, then trust lacks standing to foreclose.

151.     One of the biggest mistakes in document signatures is having the wrong person sign the document. Individuals who sign contracts on behalf of a legal entity should be careful to indicate the capacity in which they are signing. Defendants also should be sure they have authority to sign.

152.     As a direct result of Defendants' fraud, fraudulent misrepresentations and omissions, Plaintiff has suffered and continues to suffer damages, the exact amount of which will be proven at trial.

153.     On information and belief, Ocwen obtained all of the loan files and related documentation from BOA, including those related to Plaintiffs' loan.

154. Accordingly, as result of Defendants' fraudulent conduct and fraudulent misrepresentations, Plaintiff lost his home and inflicted great emotional distress and suffering on Plaintiff. As a direct and proximate result, Plaintiffs have suffered damages in an amount to be proven at trial, including reasonable legal fees and costs. Plaintiff has further suffered equitable harm for which legal damages are insufficient.

155. Plaintiff alleges that due to their reliance on Defendants representations he has been damaged in an amount that currently exceeds $1,000,000.

156. Additionally, Plaintiff has been made to suffer deep and severe emotional distress mortification, anxiety and humiliation all to their damage and injury in an amount the totality of which has not yet been fully ascertained, but in no event less than the jurisdiction limitations of this court.

157. Defendants' conduct as set forth above was intentional, oppressive fraudulent and malicious so as to justify an award of punitive damages in an amount sufficient that such conduct will not be repeated.

### THIRD CAUSE OF ACTION

### INJUNCTIVE RELIEF

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

158. Plaintiff re-alleges and incorporates by this reference all of the allegations of the proceeding paragraphs as though fully set forth herein.

159. Plaintiff will suffer great irreparable injury if the Defendants, are not restrained and enjoined by Order of this Court from taking any action which has the effect of , or in fact does result in the sale and /or transfer of title to a good faith third party buyer/individual or entity or taking possession of the Property.

160.     Plaintiff is informed and believes and thereon alleges that the Defendants and/or Does

1-10, each intend to proceed or are proceeding with the eviction of Plaintiff as the non-

judicial foreclosure of the Property has taken Place. Unless the Defendants, and/or Does 1-20,

and anyone acting in concert with them or on their behalf, are enjoined and restrained from

proceeding with the eviction of Plaintiff and family from the Property and selling the Property

to a good faith third party buyer, or taking possession of the Property, Plaintiff will suffer

irreparable harm, in that there will not have been a determination of Plaintiff's rights and

ownership in and as to the Property prior to such sale and/or transfer, such that the Property

will be sold free and clear of Plaintiff's rights and ownership in the Property.

161.     Defendants do not have standing or enforceable right to enforce the note and any

incidental right to collateral so as to foreclose on Plaintiffs' Home, including without

limitation, conducting a trustee's sale relative to that property.

162.     Any such action would result in a new cause of action for "wrongful foreclosure,"

cause irreparable harm to Plaintiff, and will cause pecuniary compensation which will not

afford adequate relief because Plaintiff's Home is unique.

163.     Injunctive relief is necessary to enjoin Defendants from foreclosing upon Plaintiff's

Home since they lack standing and any enforceable rights under the Promissory Note.

Defendants should be required to provide the original note with the appropriate indorsements

thereon to Plaintiffs or this Honorable Court so that it may determine under California law,

who owns the right to receive payments on the loan and exercises the rights relating to said

ownership.

164.     Plaintiff is informed and believes and thereon alleges that this injunctive relief is

necessary until the Court can make a determination on the claims asserted by Plaintiff in this

Complaint, including, without limitation, Plaintiff's request for declaratory relief, quiet title, cancellation of written instruments, and other equitable relief.

## FOURTH CAUSE OF ACTION

## TEMPORARY RESTRAING ORDER, PRELIMINARY AND PERMANET INJUCTION

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

165.    Plaintiff re-alleges and incorporates by this reference all of the allegations of the proceeding paragraphs as though fully set forth herein.

166.    Plaintiff requests a temporary restraining order and preliminary and permanent injunctive preventing Defendants, and each of them, from doing the act set forth above, pending further Order and/or transfer of the Property is allowed to proceed.

167.    There is a prospective and imminent lock out date. The unlimited court has granted a stay to allow Plaintiff to seek other remedies and possible writ. The Unlawful Detainer Case should be stayed because of pending wrongful foreclosure lawsuit. Current Unlawful Detainer Case should be stayed because Assignment of Deed of Trust, Substitution of Trustee, Notice of Trustee's Sale and Trustee's Deed Upon Sale were void. Unlawful Detainer Case should be stayed until Defendants can prove All Assignment of Deed of Trust, Substitution of Trustee(2016), NOD(2016), Notice of Trustee's Sale(2017) and Trustee's Deed Upon Sale(2017) are valid. The injunctive relief is necessary and appropriate at this time to prevent irreparable injury and the loss of Plaintiff's home. An injunctive is further appropriate to prevent a fraudulent foreclosure and subsequent eviction based fraud and non-compliance with 2923.5, to the detriment of Plaintiff and his family.

168.     Plaintiff disputes the amount in dispute alleged to be owed and request that the court order an accounting. Plaintiff requires that the books be made available. The exact amount alleged to be owed cannot be determined without an accounting and further discovery.

169.     Plaintiff would like either a certified public accountant, or similarly qualified representative, to audit the books and records.

### FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

170.     Plaintiff re-alleges and incorporates by this reference all of the allegations of the proceeding paragraphs as though fully set forth herein.

171.     An actual controversy exists in which the parties must ascertain their rights, duties and right to title in the Subject Property.

172.     A judicial determination is necessary that the parties may ascertain their rights, duties and right to title in the Subject Property.

173.     The parties desire that the court may a judicial determination as to their rights, duties and right to title in the Subject Property.

174.     An actual controversy has arisen and now exists between Plaintiff and Defendants, and each of them, concerning their respective rights, obligations and duties as it relates to the Subject Property.

175.     Plaintiff contends that pursuant to borrower's loans, Defendants do not have authority to foreclose upon and sell the property.

176.     Plaintiff is informed and believes and upon that basis alleges that Defendants dispute Plaintiff's contention and instead they may properly foreclose upon the property.

177.    Plaintiff requests that the court declare that Plaintiff was the victim of the Predatory Lending Practices and wrongful foreclosure, perpetrated by defendants and each of them upon Plaintiff.

178.    Plaintiff requests a determination of the validity of the Trust Deeds as of the date the Notes were assigned without a concurrent assignation of the underlying Trust Deeds.

179.    Plaintiff requests a determination of validity of the 2017 NOD (Notice of Default).

180.    Plaintiff requests a determination of whether any Defendant has authority to foreclose on the Property.

181.    That the foreclosure was wrong. That the Defendants violated laws. That the parties' execution of the substituted trustee violated California State Statute CC 2924f and CC 2934 (a) requiring that the substituted trustee failed to properly executed the notice of substation in accordance with state law.

182.    That defendants as nominee beneficiary and each of them have failed to show that they are the holders of the original note and deed of trust in effectuating or authorizing action sufficient to satisfy both state and federal standing requirements, in re: Real Parties In Interest pursuant to California Code of Civil Procedure Section 367. We ask that the court declare that the contract should be rescinded and that such contract was void.

183.    Plaintiff desires a judicial determination of Defendants rights, obligations and duties, and a declaration as to who owns Plaintiff's Subject Property.

## SIXTH CAUSE OF ACTION

## VIOLATION IF BUSINESS AND PROFESSION CODE SECTION 17200

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

184.    Plaintiffs reallege and incorporate by reference the above paragraphs as set forth

fully herein.

185.     California's Unfair Competition Law (UCL) prohibits any unfair competition defined

as any "unlawful, unfair, or fraudulent business act or practice." Bus. & Prof. Code § 17200.

Defendants have engaged in unlawful business practices as described above and herein, by

conducting business practices that are unlawful.

186.     Defendants' acts alleged herein are unfair insofar as they intentionally failed to

properly notify Plaintiffs of their rights to dispute an alleged default per the signed Deed of

Trust, California law, and California public policy, cure the alleged default in a timely manner,

notify and allow Plaintiff to seek legally permissible alternatives to foreclosure, and wrongful

foreclosure. Plaintiff was forced to watch as Defendants claimed rights to issue Notices of

Default, Notices of Sale, and authority to sell Plaintiff's respective property.

187.     Defendants' acts are unfair insofar as they failed to record Substitutions of Trustee,

not only for Plaintiff, but for a large part of the general public, as required by the Deed of

Trust, California law, and California public policy. This failure deceives both Plaintiffs and

the general public as to the identity of the true Trustee and/or true holder of the note.

188.     Defendants' acts are unfair insofar as they failed to notify Plaintiffs of the acceleration

of Plaintiff's debt as required by the Deed of Trust, California law, and California public

policy, not only for Plaintiff, but for many individuals in the general public, as this is standard

practice for Defendants.

189.     Defendants unfairly held themselves out as having proper authority to file publicly

recorded documents and foreclose on Plaintiff's property. Although Plaintiffs relied on this

apparent authority, Plaintiffs and the general public were ignorant of the fact that Defendants

did not own the notes and were not lawful agents, beneficiaries, or trustees for the true and legal owner of the note.

190.     Consequently, Plaintiff unfortunately relied on this improper authority. Defendants acted fraudulently in a manner that was likely to not only deceive Plaintiffs, but was likely to deceive the general public, including but not limited to making material misrepresentations or omissions, knowingly filing false instruments for the general public to view, knowingly filing false instruments without required declarations, failing to properly notify Plaintiff of   the rights to dispute alleged defaults and wrongful foreclosure in a manner that constitutes fraudulent business acts and practices as prohibited by Cal. Bus. & Prof. Code § 17200, et. seq.

191.     Defendants unlawfully filed public documents including Notices of Default and Notices of Trustee's Sale without the authority to do so as the Defendants were not owners of the note or lawful trustees, beneficiaries, or agents for the true and legal owner of the note at the time of filing.

192.     Defendants fraudulently continued this scheme of filing false documents and attempting to sell property in order to profit, knowing their actions were illegal, unfair, and fraudulent but acting with complete disregard to Plaintiffs, along with numerous homeowners throughout California.

193.     Defendants violated various state laws. These violations are standard practice for Defendants and are intended to deceive and harm Plaintiffs and the general public.

194.     Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing its "unlawful, unfair, and/or fraudulent business act or

practices" and to restore Plaintiffs any money and/or property which Defendants acquired by such unfair competition under California Business & Professions Code Section 17200, et. seq.

195.    Plaintiff Suffered Damages As A Result of Defendants' Conduct. As a direct result of Defendants' acts, Plaintiffs have incurred actual damages consisting of mental and emotional distress, nervousness, grief, embarrassment, loss of sleep, anxiety, worry, mortification, shock, humiliation, indignity, pain and suffering, and other injuries.

196.    Plaintiffs incurred out of pocket monetary damages. Plaintiffs continue to incur monetary damages. Plaintiffs will incur the loss of his personal residence if a non-judicial foreclosure is allowed to proceed.

197.    Each of Defendants harassing acts were so willful, vexatious, outrageous, oppressive, and maliciously calculated enough, so as to warrant statutory penalties and punitive damages.

**SEVEN CAUSE OF ACTION**

**WRONGFUL EVICTION OR UNLAWFUL LOCKOUT**

**(Against U.S. Bank Trust; and DOES 1 through 10)**

198.    On or about August 20, 2018, U.S. BANK TRUST, N.A. filed Unlawful Detainer complaint. Plaintiff alleges Defendants wrongfully filed eviction action and attempted to evict Doo Ko and other tenants. Plaintiff alleges U.S. Bank Trust's Deed(TDUS) was void. U.S. Bank Trust is not real owner. Plaintiff alleges U.S. Bank Trust lacks capacity to sue or file eviction action against Doo Ko and other tenants. Plaintiff alleges U.S. Bank Trust's eviction is wrongful.

199.    Plaintiff recently discovered U.S. Bank Trust, N.A. obtained Writ of Possession wrongfully. Plaintiff was occupant but Plaintiff was not named in the accompanying Writ of Possession. Plaintiff alleges that Defendants knew Plaintiff was co-owner and occupant of the premises before the date the Unlawful Detainer (Eviction) action was filed. Plaintiff alleges Randall Naiman, Attorney for U.S. Bank Trust, N.A. was aware Plaintiff was owner and occupant, but U.S. Bank Trust did not add Plaintiff in Writ of Possession. Plaintiff alleges U.S. Bank Trust intentionally omitted to add Plaintiff in UD Complaint and Writ of Possession. A prejudgment Claim of Right to Possession form was not served with the Summons and UD Complaint. This Eviction results from Wrongful Foreclosure. Plaintiff occupied the premises on the date UD Complaint was filed. Plaintiff has continued to occupy the premises ever since. Plaintiff still occupies the premises, now Plaintiff is in danger of

– 53 –
COMPLAINT

lockout. Defendant U.S. Bank Trust failed to comply with their obligations and refrain from any further attempts to lock Plaintiff out of Plaintiff's home.

200.     An unlawful lockout is punishable as a crime under California Penal Code §418.00. In addition, Plaintiff is liable for statutory penalties of no less than $250.00 per each separate cause of action, plus additional damages and costs. California Civil Code §798.3(c).

201.     Actual damages include damage to Plaintiff's property. Damages include money Plaintiff spent because of the illegal eviction, such as paying fees for consultation and preparing this lawsuits, etc. There's other damages for the emotional stress and embarrassment

224.     As approximate result of Defendants' violation of laws, Plaintiff suffered, and will continue to suffer, general and special damages in an amount according to proof at trial.

### NINTH CAUSE OF ACTION

### TO SET ASIDE TRUSTEE'S SALE

### (Against U.S. Bank Trust; Caliber and DOES 1 through 10)

132.    Plaintiff realleges and incorporates by reference, as if fully set forth herein, the actions contained in all prior paragraph of this complaint.

133. Defendants failed to perform the condition precedent as required by Paragraph 20 of the Deed of Trust.

134. The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of Civil Code § 2932.5, resulting in the non-judicial foreclosure sale being void ab initio.

135. Moreover, the Foreclosing Defendants never had the legal authority to foreclose because the instrument (Deed of Trust), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender. Therefore, the Deed of Trust could not provide a basis for a foreclosure, and the non-judicial foreclosure is void ab initio.

136. Accordingly, Plaintiff hereby requests an order of this Court that the Trustee's Sale was irregular in that it was legally void and conducted without any right or privilege by the Foreclosing Defendants.

137. The Foreclosure was defective as such the Property must be restored to Plaintiff or Plaintiff is entitled to the value of thereof.

Wherefore Plaintiff prays for judgment as set forth below.

1. Injunctive relief;

2. That this court adjudge and decree that the sale of the subject proper on September 25, 2017 is null, void and no force or effect;

3. For an Order setting aside the foreclosure sale of the Property;

4. For Compensatory damages in the amount of $10,000,000.00 for each cause of action or for Compensatory damages in an amount to be proven at trial for all causes of actions;

5. Statutory damages and civil penalties;

6. For punitive damages in an amount in excess $10,000,000.00;

7. Treble damages;

8. For any statutory damages according to law;

9. For Declaratory and Injunctive Relief including the issuance of a restraining order and there after a preliminary injunction to maintain the status quo pending final adjudication;

10. For Attorney fees in the event that counsel is retained;

11. For such further and other relief as the Court deems just and proper.


Dated: October 29, 2019


Respectfully submitted,


_____
Stephen Ko

## VERIFICATION OF STEPHEN KO

    I, Stephen Ko am the petitioners in this action. All facts alleged in the above petition, not otherwise supported by citations to the record, exhibits or other documents, are true of our own personal knowledge.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Respectfully submitted,

Dated: October 29, 2019

_____

STEPHEN KO

Exhibit 1

EXHIBIT "A"

LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF ORANGE, DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 42 OF TRACT NO. 16135, IN THE CITY OF FULLERTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP ("MAP") RECORDED IN BOOK 825, PAGES 12 TO 18 INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED.

EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE AND REPAIR, ALL AS MAY BE SHOWN ON THE MAP AND AS DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR AMERIGE HEIGHTS ("MASTER DECLARATION"), RECORDED JUNE 21, 2002, AS INSTRUMENT NO. 02-522398, AND THE NOTICE OF ADDITION OF PHASE AND SUPPLEMENTAL MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATIONS OF EASEMENTS FOR AMERIGE HEIGHTS TALMEDGE, PHASE 10 LOTS 41 THROUGH 46, INCLUSIVE, 90, 95, 109 AND MASTER COMMON AREA LOTS E, F, G, H, I, J AND K OF TRACT NO, 16135, AND LOT B OF TRACT NO. 16205) RECORDED JULY 1, 2003, AS INSTRUMENT NO. 03-775473 ("NOTICE OF ADDITION"), BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 3:

EXCLUSIVE USE EASEMENT FOR SIDEYARD PURPOSES, AS APPLICABLE, AS DESCRIBED AND ASSIGNED IN THE MASTER DECLARATION.

Assessor's Parcel Number(A.P.N.): 280-331-67

Commonly Known As: 2244 Shapiro St., Fullerton, CA 92833

# Exhibit 2

ORIGINAL

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| NAME Randall D. Naiman, Esq. (#81048)<br>FIRM NAME Naiman Law Group, PC<br>STREET ADDRESS 4660 La Jolla Village Drive, Ste. 650<br>CITY San Diego                    STATE CA     ZIP CODE 92122<br>TELEPHONE NO. (858) 224-6800     FAX NO. (858) 224-6801<br>E MAIL ADDRESS randall@naimanlaw.com<br>ATTORNEY FOR (name) U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTE<br> [X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD | STATE BAR NO. 81048 |

Pursuant to California Government Code § 68150(f., the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: COUNTY OF ORANGE
MAILING ADDRESS: 1275 N. Berkeley Avenue
CITY AND ZIP CODE: Fullerton, CA  92838-0500
BRANCH NAME: NORTH JUSTICE CENTER

| Plaintiff: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER P<br>Defendant: DOO M. KO: YOUNG LEE; CHANG WOO: and DOES 1 to 6, | CASE NUMBER<br>30-2018-01013258-CL-UD-NJC |
|---|---|

| WRIT OF | [ ] EXECUTION (Money Judgment)<br>[X] POSSESSION OF   [ ] Personal Property<br>[ ] SALE            [X] Real Property | [X] Limited Civil Case<br>(including Small Claims)<br>[ ] Unlimited Civil Case<br>(including Family and Probate) |
|---|---|---|

1. To the Sheriff or Marshal of the County of: ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST
   is the [X] original judgment creditor   [ ] assignee of record   whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a
   natural person, and last known address):

   ┌─────────────────────────────┐
   │ Doo M. Ko                   │
   │ 2244 Shapiro Street         │
   │ Fullerton, CA 92833         │
   │                             │
   │                             │
   │                             │
   └─────────────────────────────┘

   [X] Additional judgment debtors on next page

5. Judgment entered on (date): 10/03/2019

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] See next page for information on real or personal property to be
   delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
For items 11–17, see form MC-012 and MC-013-INFO

| 11. Total judgment (as entered or renewed) | $ |
| 12. Costs after judgment (CCP 685.090) | $ |
| 13. Subtotal (add 11 and 12) | $ |
| 14. Credits to principal (after credit to interest) | $ |
| 15. Principal remaining due (subtract 14 from 13) | $ |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103 5 fees) | $ |
| 17. Fee for issuance of writ | $  25.00 |
| 18. Total (add 15, 16, and 17) | $  25.00 |

19. Levying officer:
   a. Add daily interest from date of writ (at
      the legal rate on 15) (not on GC
      6103.5 fees) . . . . . . . . . . . . . . .   $
   b. Pay directly to court costs included in
      11 and 17 (GC 6103.5, 68637; CCP
      699.520(l)) . . . . . . . . . . . . . . .

20. [ ] The amounts called for in items 11–19 are different for each
    debtor. These amounts are stated for each debtor on
    Attachment 20.

    David H. Yamasaki

| Issued on (date): 10/04/19 | Clerk, by _Lea Edwards_ , Deputy<br>Leanne Edwards |
|---|---|

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ 130 [Rev. January 1 2015]

**WRIT OF EXECUTION**

Legal
Solutions
Plus

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts ca gov

| Plaintiff: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER P | CASE NUMBER: | EJ-130 |
| Defendant: DOO M. KO; YOUNG LEE; CHANG WOO; and DOES 1 to 6, | 30-2018-01013258-CL-UD-NJC | |

21. [x] Additional judgment debtor (name, type of legal entity
if not a natural person, and last known address):

Young Lee
2244 Shapiro Street
Fullerton, CA 92833

Chang Woo
2244 Shapiro Street
Fullerton, CA 92833
*See Attachment Page

22. [ ] Notice of sale has been requested by (name and address):

23. [ ] Joint debtor was declared bound by the judgment (CCP 989-994)
a. on (date):
b. name, type of legal entity if not a natural person, and
last known address of joint debtor:

a. on (date):
b. name, type of legal entity if not a natural person, and
last known address of joint debtor:

c. [ ] Additional costs against certain joint debtors are itemized:   [ ] Below   [ ] On Attachment 23c

24. [x] (Writ of Possession or Writ of Sale) Judgment was entered for the following:
a. [x] Possession of real property: The complaint was filed on (date): 08/20/2018
(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)
(1) [x] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
(2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
(3) [x] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46 and 1174.3(a)(2).)
(4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:
(a) The daily rental value on the date the complaint was filed was $ 50.00
(b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify): To be determined by Court.

b. [ ] Possession of personal property.
[ ] If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.
c. [ ] Sale of personal property.
d. [ ] Sale of real property.
e. The property is described: [x] Below   [ ] On Attachment 24e
2244 Shapiro Street, Fullerton, CA 92833

MC-025

| SHORT TITLE: U.S. BANK v. KO | CASE NUMBER: |
|---|---|
| | 30-2018-01013258-CL-UD-NJC |

**ATTACHMENT** *(Number):* EJ-130

*(This Attachment may be used with any Judicial Council form.)*

21.
All Unknown Occupants
2244 Shapiro Street
Fullerton, CA 92833

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

Legal
Solutions
Co. Plus

| Plaintiff: U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER P | CASE NUMBER: | EJ-130 |
|---|---|---|
| Defendant: DOO M. KO; YOUNG LEE; CHANG WOO; and DOES 1 to 6, | 30-2018-01013258-CL-UD-NJC | |

## NOTICE TO PERSON SERVED

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

**EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED.** If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

**EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION.** If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

EJ-130 [Rev. January 1, 2016]                          **WRIT OF EXECUTION**                          Page 3 of 3

# Exhibit 3

Recording requested by:

and when recorded, please return this deed
and tax statements to:

Doo M. Ko
2244 Shapiro St.
Fullerton, CA 92833

A.P.N.# 280-331-67

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||||| 15.00
* $ R 0 0 0 7 7 3 5 1 9 1 $ *
2015000403749 12:07 pm 08/04/15
227 417 G02 F13   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

# Grant Deed

☑ The documentary transfer tax is $0.00 and is computed on: This is a bonafide gift grantor herein received
Nothing in return. R&T11911
☐ the full value of the interest in the property conveyed
☐ the full value less the value of liens of encumbrances remaining at the time of sale

The property is located in an:
  ☐ unincorporated area.
  ☒ the City of Fullerton, California

**FOR A VALUABLE CONSIDERATION** receipt of which is hereby acknowledged, Doo M. Ko, A
Single Man.

**Hereby GRANT(s) to**, Doo M. Ko, A Single Man and Stephen Ko, A Single Man as Tenancy in Common.

All that real Property situated in the City of Fullerton, State of California, described as:

See Exhibit "A" hereto and made a part hereof.

Date: July 20, 2015

_____
Doo M. Ko

Mail Tax Statement to: Doo Ko, 2244 Shapiro St. Fullerton, CA 92833

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Los Angeles _____ )

On __07/20/2015__ before me, __Armando Arredondo, Notary Public__
(insert name and title of the officer)

personally appeared __Doo M. Ko__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   (Seal)

ARMANDO ARREDONDO
COMM. # 1947903
Notary Public - California
Orange County
My Comm. Expires Dec. 08 2017

EXHIBIT "A"

LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF ORANGE, DESCRIBED AS FOLLOWS:

PARCEL 1:

LOT 42 OF TRACT NO. 16135, IN THE CITY OF FULLERTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP ("MAP") RECORDED IN BOOK 825, PAGES 12 TO 18 INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED.

EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE AND REPAIR, ALL AS MAY BE SHOWN ON THE MAP AND AS DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATION OF EASEMENTS FOR AMERIGE HEIGHTS ("MASTER DECLARATION"), RECORDED JUNE 21, 2002, AS INSTRUMENT NO. 02-522398, AND THE NOTICE OF ADDITION OF PHASE AND SUPPLEMENTAL MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATIONS OF EASEMENTS FOR AMERIGE HEIGHTS TALMEDGE, PHASE 10 LOTS 41 THROUGH 46, INCLUSIVE, 90, 95, 109 AND MASTER COMMON AREA LOTS E, F, G, H, I, J AND K OF TRACT NO, 16135, AND LOT B OF TRACT NO. 16205) RECORDED JULY 1, 2003, AS INSTRUMENT NO. 03-775473 ("NOTICE OF ADDITION"), BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

PARCEL 3:

EXCLUSIVE USE EASEMENT FOR SIDEYARD PURPOSES, AS APPLICABLE, AS DESCRIBED AND ASSIGNED IN THE MASTER DECLARATION.

Assessor's Parcel Number(A.P.N.): 280-331-67

Commonly Known As: 2244 Shapiro St., Fullerton, CA 92833

Exhibit 4

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

Recording Requested By and When Recorded
Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117
79356308

9.00
* S R 0 0 0 6 7 2 0 2 8 7 $ *
2014000202958 6:00 am 05/27/14
66 401 A32 F13   1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

# Assignment of Deed of Trust

Dated: May 22, 2014                                                                    Loan: ▮6496

For value received **Bank of America, N.A., by Indecomm Global Services its attorney in fact, 7105 Corporate Drive, Plano, TX 75024,** the undersigned hereby grants, assigns and transfers to **Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, in c/o Altisource Asset Management Corporation, 402 Strand St, Frederiksted, VI 00820,** all beneficial interest under a certain Deed of Trust dated **July 2, 2007** executed by **DOO M KO, AN UNMARRIED MAN** and recorded in Book XX on Page(s) XX as Document Number **2007000427193** on **July 9, 2007** in the office of the County Recorder of Orange County, California.

Bank of America, N.A., by Indecomm Global Services its
attorney in fact,

By: _____

**Yu Yee Vang,**
**Assistant Secretary**

STATE OF **Minnesota**            )
COUNTY   **Ramsey**                ) SS

*U04684309*

On this, the **22nd** day of **May , 2014** , before me the undersigned officer, personally appeared **Yu Yee Vang** who acknowledged himself or herself to be the **Assistant Secretary of Indecomm Global Services its attorney in fact for Bank of America, N.A.** , and that he or she as such **Assistant Secretary** , being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself or herself as **Assistant Secretary** .

In witness whereof, I here unto set my hand and official seal.

Prepared By:
Lisa Spurbeck
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

**Bao Cindy Fang, Notary Public**
My Commission expires: **January 31, 2017**

BAO CINDY FANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

9.00

* S R 0 0 0 6 8 2 0 0 0 9 S *

2014000274135 9:17 am 07/10/14

217 402 A32 F13    1

0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

Recording Requested By and When Recorded
Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117
29833723

## *Corrective Assignment of Deed of Trust

Dated. July 8, 2014                                                                                      Loan: ▮▮▮6496

For value received **Bank of America, N.A., by Indecomm Global Services its attorney in fact, 7105 Corporate Drive,
Plano, TX 75024,** the undersigned hereby grants, assigns and transfers to **Christiana Trust, a division of Wilmington
Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4, In c/o Altisource Asset
Management Corporation, 402 Strand St, Frederiksted, VI 00820,** all beneficial interest under a certain Deed of Trust
dated **July 2, 2007** executed by **DOO M KO, AN UNMARRIED MAN** and recorded in Book XX on Page(s) XX as
Document Number 2007000427193 on July 9, 2007 in the office of the County Recorder of Orange County,
California.

Bank of America, N.A., by Indecomm Global Services its
attorney in fact

By: _____

**Bao Cindy Fang,
Vice President**

*To correct the assignee name on assignment
dated 5/22/2014 and recorded on 5/27/2014
under Doc# 2014000202958.

STATE OF Minnesota                        )

COUNTY    Ramsey                          ) SS

*U04776086*

On this, the 8th day of **July , 2014** , before me the undersigned officer, personally appeared **Bao Cindy Fang** who
acknowledged himself or herself to be the **Vice President of Indecomm Global Services its attorney in fact for
Bank of America, N.A.** , and that he or she as such **Vice President** , being authorized to do so, executed the
foregoing instrument for the purposes therein contained by signing the name of the corporation by himself or herself as
**Vice President** .

In witness whereof, I here unto set my hand and official seal

Prepared By:
Lisa Spurbeck
Indecomm Global Services
2925 Country Drive
St Paul, MN 55117

Pang Mee Yang, Notary Public
My Commission expires: **January 31, 2017**

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

.

Exhibit 5

RECORDING REQUESTED BY:
Premium Title of California

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00

* $ R 0 0 0 7 0 2 7 1 5 2 $ *

2014000415401 9:58 am 10/14/14
105 409 S15 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

AND WHEN RECORDED MAIL TO:
Western Progressive, LLC
2002 Summit Blvd, Suite 600
Atlanta, GA 30319

FOR RECORDER S USE
TS No : 2014-03030-CA          55████9644

SPACE ABOVE THIS LINE

## SUBSTITUTION OF TRUSTEE

WHEREAS, DOO M. KO, An Unmarried Man was the original Trustor, PRLAP, INC. was the original Trustee, and BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION was the original Beneficiary under that certain Deed of Trust dated 07/02/2007 and recorded on 07/09/2007 as Instrument No. 2007000427193, in book ---, page --- of Official Records of Orange County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes Western Progressive, LLC, 2002 Summit Blvd, Suite 600, Atlanta, GA 30319 as Trustee under said Deed of Trust.

TS No.: 2014-03030-CA       55███████649644

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 9/26/14

**Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4, By Ocwen Loan Servicing, LLC Its Attorney In Fact**

Matthew Owens    Contract Management Coordinator

State of Florida } ss.
County of Palm Beach }

The foregoing instrument was acknowledged and sworn before me this ___26___ day of ___September___, 2014, by ___Matthew Owens___ as ___Contract Management Coordinator___ of Ocwen Loan Servicing, LLC., who is personally known to me or who has produced _____ as identification.

Krystle Hernandez
Notary Public-State of Florida
My Commission Expires: 12/2/2017

Notary Public State of Florida
Krystle Hernandez
My Commission FF 073846
Expires 12/02/2017

# Exhibit 6

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

* S R 0 0 0 7 1 1 1 3 3 $ *

2014000502000 8:26 am 11/21/14
217 402 N15 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

RECORDING REQUESTED BY:
Premium Title of California

WHEN RECORDED MAIL TO:

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

Loan No ·        6496

TS No. 2014-03030-CA
APN No :280-331-67

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE  THERE IS A SUMMARY OF THE INFORMATION  IN THIS DOCUMENT  ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH  BÀY TÓM LƯỢC  VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is <u>551,905.94</u> as of 10/31/2014, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your

TS:2014-03030-CA

account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

**To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:**

**Ocwen Loan Servicing, LLC Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 By Ocwen Loan Servicing, LLC, its attorney in-fact**

**C/O Western Progressive, LLC**

30 Corporate Park, Suite 450
Irvine, California 92606
Phone: 877-596-8580

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure. **Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.'

NOTICE IS HEREBY GIVEN: That Western Progressive, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 07/02/2007, executed by, **DOO M. KO, An Unmarried Man,** as Trustor, to secure certain obligations in favor of BANK OF AMERICA, N.A., A NATIONAL BANKING ASSOCIATION, recorded 07/09/2007 , as Instrument No. 2007000427193, in Book ---, Page --- , of Official Records in the Office of the Recorder of Orange County, California describing land therein as: **As more particularly described on said Deed of Trust.**

Street Address or other common designation of real property:

**2244 SHAPIRO STREET, FULLERTON, CA 93833**

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of 832,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

TS:2014-03030-CA

Installment of interest only payments which became due on 05/01/2008 plus late charges if any, and all subsequent interest, advances, late charges and foreclosure fees and costs that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
"See Attached Declaration"

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

1. The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code 2923.55. Thirty days, or more, have passed since the initial contact was made.

Dated: November 17, 2014

Western Progressive, LLC, as agent for beneficiary
C/O 30 Corporate Park Suite 450
Irvine, CA 92606
Beneficiary Phone: 877/596-8580

_____
Tamika Y. Smith, Trustee Sale Assistant

TS:2014-03030-CA

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):   Doo M Ko
Loan No.:  ·    ▮▮▮▮6496

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following.

☑  The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made.

☐  The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐  The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐  The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated:

By: Ocwen Loan Servicing, LLC, as Servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4

| Matthew Owens | Contract Management Coordinator | *(signature)* | 4/17/14 |
| --- | --- | --- | --- |
| Print Name | | Signature | Date |

At-24110

# Exhibit 7

Recording Requested By
OCWEN LOAN SERVICING, LLC

When Recorded Return To

OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

*$R00074507508*   12.00

2015000196356 3:13 pm 04/16/15

276 423 A32 F13   2

0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

## CORPORATE ASSIGNMENT OF DEED OF TRUST

Orange, California
SELLER'S SERVICING #:      6496 "KO"
SELLER'S LENDER ID#:  DW SCI
OLD SERVICING #:      2189

Prepared By  Karen Smith,  OCWEN LOAN SERVICING, LLC 240 TECHNOLOGY DRIVE  IDAHO FALLS, ID 83401 800-746-2936

For Value Received, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 by it's attorney in fact Ocwen Loan Servicing, LLC  hereby grants, assigns and transfers to WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-2 at C/O OCWEN LOAN SERVICING, LLC , 1661 WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL 33409 all its interest under that certain Deed of Trust dated 07/02/2007 , in the amount of $832,000.00, executed by DOO M. KO, AN UNMARRIED MAN to BANK OF AMERICA  N A  and Recorded: 07/09/2007 as Instrument No  2007000427193 in the County of Orange, State of California.

Property Address  2244 SHAPIRO STREET, FULLERTON, CA 93833

In witness whereof this instrument is executed

 Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4 by it's attorney in fact Ocwen Loan Servicing, LLC  POA: 01/15/2015  as Instrument No 2015000025058
On ——MAR 1 9 2015


                        , Authorized
Vicki Pospisil
Signer

"NVS"NVSGMAC"03/18/2015 12.59 46 PM" GMAC40GMACA000000000000004502952" CAORANG"    6496 CASTATE_TRUST_ASSIGN_ASSN "KS"KS1GMAC"

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF ———— Iowa
COUNTY OF ———— Black Hawk

On __MAR 1 9 2015__ before me, ———**MARY KAMMEYER**———, a Notary Public in and for __Black Hawk__ in the State of ____Iowa____, personally appeared ____Vicki Poerix____, Authorized Signer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal,

MARY KAMMEYER
Notary Expires 10/20/17

MARY KAMMEYER
COMMISSION NO.768622
MY COMMISSION EXPIRES
OCTOBER 28, 2017

(This area for notarial seal)

NVS*NVSGMAC*03/18/2015 12 59 46 PM* GMAC4OGMACA000000000000004502952* CAORANG* ████6496 CASTATE_TRUST_ASSIGN_ASSN *KS*KS1GMAC*

Document Number: 2015000196356 Page: 2 of 2

Exhibit 8

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

9.00

Recording Requested by:
M. E. Wileman

\* \$ R 0 0 0 8 7 5 2 5 9 6 \$ \*
**2016000492086** 2:35 pm 10/07/16
47 NC-5 A30 F13   1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

PLEASE FORWARD RECORDED
DOCUMENT TO AND PREPARED BY:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092

## Assignment of Deed of Trust

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-2 1110 Strand Street, Suite 2A, Christiansted, VI 00820 (Assignor)** by these presents does assign and set over, without recourse, to **U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST  13801 Wireless Way, Oklahoma City, OK 73134 (Assignee)** the described deed of trust with all interest, all liens, any rights due or to become due thereon, executed by **DOO M. KO, AN UNMARRIED MAN** to BANK OF AMERICA, N.A.. Trustee: PRLAP, INC  Said deed of trust Dated: 7/2/2007 is recorded in the **State of CA, County of Orange** on 7/9/2007, **Instrument # 2007000427193 AMOUNT: $ 832,000.00**    Property Address: 2244 SHAPIRO STREET, FULLERTON, CA 93833

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed as a sealed instrument by its proper officer. Executed on: __AUG 1 1 2016__
WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP SECURITIZATION TRUST, SERIES 2014-2
By Caliber Home Loans, Inc. Its Attorney in Fact

By: _____

Martha Ellis, Senior Vice President

KO   OFG8 \*16071572\*

State of Oklahoma
County of Oklahoma

Before me, Nancy Ortiz, Notary Public, personally appeared, Martha Ellis, Senior Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on AUG 1 1 2016

Notary public, Nancy Ortiz
My commission expires: September 29, 2016

CA  Orange
Document Number: 2016000492086 Page: 1 of 1

CALIBER/JULY11/SFR

Exhibit 1, Page 84 of 99

Exhibit 9

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

12.00
* $ R 0 0 0 8 8 1 7 6 8 9 $ *
2016000540640 2:54 pm 11/01/16
47 NC-5 S15 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

Recording requested by:

When recorded mail to:

Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101
619-645-7711

TS No.: CA-16-736290-AB
APN. No : 280-331-67

Space above this line for recorders use

# Substitution of Trustee

WHEREAS, **DOO M. KO, AN UNMARRIED MAN** was the original Trustor, **PRLAP, INC.** was the original Trustee, and **BANK OF AMERICA, N.A** was the original Beneficiary under that certain Deed of Trust dated **7/2/2007** and recorded on **7/9/2007** as Instrument No. 2007000427193   of Official Records of **ORANGE** County, **CA**; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust,

NOW, THEREFORE, the undersigned hereby substitutes **QUALITY LOAN SERVICE CORPORATION** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural

Document Number: 2016000540640 Page: 1 of 2

TS No. CA-16-736290-AB
Page 2

**U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact**

By: _____

## ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

State of California
County of San Diego)

On __OCT 1 7 2016__ before me, Courtney Patania, Notary Public
                                    (Insert name and title of the officer)
Personally appeared Arturo Zarazua, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal

Signature _____
Courtney Patania Notary Public

> COURTNEY PATANIA
> Commission # 2044156
> Notary Public - California
> San Diego County
> My Comm. Expires Nov 1, 2017

# Exhibit 10

Recording requested by.
Quality Loan Service Corp

When recorded mail to.
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||||||| 18.00
* S R 0 0 0 9 2 7 8 4 6 0 S *
**2017000202339** 3:26 pm 05/17/17
105 410 N15 F13    4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

TS No.: **CA-17-770718-AB**
Order No.: **170187408-CA-VOI**
APN No.: **280-331-67**

Space above this line for Recorder's use

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ Code § 2923.3)

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE
BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY
COURT ACTION,** and you may have the legal right to bring your account in good standing
by paying all of your past due payments plus permitted costs and expenses within the time
permitted by law for reinstatement of your account, which is normally five business days prior to
the date set for the sale of your property. No sale date may be set until approximately 90 days
from the date this Notice of Default may be recorded (which date of recordation appears on this
notice). This amount is **$614,587.70** as of **5/16/2017** and will increase until your account
becomes current.

While your property is in foreclosure, you still must pay other obligations (such as
insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make
future payments on the loan, pay taxes on the property, provide insurance on the property, or pay
other obligations as required in the note and deed of trust or mortgage, the beneficiary or
mortgagee may insist that you do so in order to reinstate your account in good standing. In
addition, the beneficiary or mortgagee may require as a condition of reinstatement that you
provide reliable written evidence that you paid all senior liens, property taxes, and hazard
insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization
of the entire amount you must pay. You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at the
time payment is made. However, you and your beneficiary or mortgagee may mutually agree in

TS No.: CA-17-770718-AB

writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust**
**C/O Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 7/2/2007, executed by **DOO M. KO , AN UNMARRIED MAN**, as Trustor, to secure certain obligations in favor of **BANK OF AMERICA, N.A.**, as beneficiary, recorded 7/9/2007, as Instrument No. **2007000427193**,        of Official Records in the Office of the Recorder of **ORANGE** County, **California** describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of **$832,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**The installments of principal and interest which became due on 5/1/2008, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

TS No.: CA-17-770718-AB

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Dated: MAY 1 6 2017

Quality Loan Service Corp., Trustee

By. Stephanie Fuentes, Assistant Secretary

Document Number: 2017000202339 Page: 3 of 4

## California Declaration of Compliance
### (Civ. Code § 2923.55(c))

Borrower(s):   Doo M Ko
Loan No.:

The undersigned declares as follows:

I am employed by the undersigned mortgage servicer, and I have reviewed its business records for the borrower's loan, including the borrower's loan status and loan information, to substantiate the borrower's present loan default and the right to foreclose. The information set forth herein is accurate, complete and supported by competent and reliable evidence that I have reviewed in the mortgage servicer's business records. Those records reflect *one* of the following:

☑ The mortgage servicer contacted the borrower to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55. Thirty days, or more, have passed since the initial contact was made

☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

☐ The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the individual does not meet the definition of a "borrower" under Civil Code §2920.5(c).

☐ The mortgage servicer was not required to comply with California Civil Code § 2923.55 because the above-referenced loan is not secured by a first lien mortgage or deed of trust that secures a loan on "owner-occupied" residential real property as defined by California Civil Code § 2924.15(a)

Signed and Dated

By: Ocwen Loan Servicing, LLC, as Servicer for Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4

Matthew Owens   Contract Management Coordinator
_____        _____        _____
Print Name                          Signature                              Date   4/17/14

At-24110

Order: 160358843
Doc: OR:2014 00502000                    Page 4 of 4            Requested By: bzuniga, Printed 11/21/2016 8:29 AM

Exhibit 11

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

2017000356258 2:20 pm 08/22/17
105 406 N34 F13   2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

12.00
* $ R 0 0 0 9 5 0 7 4 2 1 $ *

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

---

TS No. CA-17-770718-AB
Order No.: 170187408-CA-VOI

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/2/2007. UNLESS YOU TAKE ACTION
TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN
EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT
A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this
state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or
implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by
the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the
Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the
initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on
the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

| | |
|---|---|
| Trustor(s): | **DOO M. KO , AN UNMARRIED MAN** |
| Recorded: | 7/9/2007 as Instrument No. 2007000427193    of Official Records in the office of the Recorder of **ORANGE** County, California; |
| Date of Sale: | **9/25/2017 at 1:30PM** |
| Place of Sale: | At the North front entrance to the County Courthouse located at **700 Civic Center Drive West, Santa Ana, CA 92701** |

Amount of unpaid balance and other charges: **$1,425,255.30**
The purported property address is:     **2244 SHAPIRO STREET, FULLERTON, CA 92833**
Assessor's Parcel No.: **280-331-67**

TS No : CA-17-770718-AB

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 916-939-0772 for information regarding the trustee's sale or visit this Internet Web site **http://www.qualityloan.com,** using the file number assigned to this foreclosure by the Trustee: **CA-17-770718-AB.** Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Date.    AUG 21 2017

Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101
619-645-7711 For NON SALE information only
Sale Line: 916-939-0772
Or Login to: http://www.qualityloan.com
Reinstatement Line: (866) 645-7711 Ext 5318

Quality Loan Service Corp. by: Daisy Rios, Assistant Secretary

Exhibit 12

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

15.00
* S R 0 0 0 9 6 0 9 4 5 7 S *
2017000423314 3:21 pm 10/04/17
47 NC-5 T09 F13   3
0.00 0.00 0.00 0.00 6.00  0.00 0.00 0.00

Recording requested by:

And when recorded mail to:

Caliber Home Loans
Attention: Collateral Team
13801 Wireless Way
Oklahoma City, OK 73134-2500

Forward tax statements to the address given above

TS No.: CA-17-770718-AB
Order No.: 170187408-CA-VOI

*Space above this line for recorders use*

# Trustee's Deed Upon Sale

· A.P.N.: 280-331-67

Exempt pursuant to Cal Rev and Tax Code §11926

THE UNDERSIGNED GRANTOR DECLARES:
The Grantee Herein IS the Foreclosing Beneficiary
The amount of the unpaid debt together with costs was:          $1,425,631.44
The amount paid by the grantee at the trustee sale was:          $1,425,631.44
The documentary transfer tax is:                                        NONE
Said property is in the City of: FULLERTON, County of ORANGE

QUALITY LOAN SERVICE CORPORATION , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of ORANGE, State of California, described as follows:

PARCEL 1: LOT 42 OF TRACT NO. 16135, IN THE CITY OF FULLERTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP ("MAP") RECORDED IN BOOK 825, PAGES 12 TO 18 INCLUSIVE OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA. EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS
*When recorded mail and send tax statement to:*
Caliber Home Loans
Attention: Collateral Team
13801 Wireless Way
Oklahoma City, OK 73134-2500

THIS INSTRUMENT IS RECORDED AT THE
REQUEST OF SERVICELINK AS AN
ACCOMMODATION ONLY. IT HAS NOT BEEN
EXAMINED AS TO ITS EXECUTION OR AS
TO ITS EFFECTS UPON TITLE.

EXHIBIT B

TS No.: CA-17-770718-AB

RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A  DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED. EXCEPTING THEREFROM A/AN 50% INTEREST IN ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS,  ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL RIGHTS THERETO, WITHOUT HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOR ANY PORTION OF THE SUBSURFACE LYING BENEATH A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED. PARCEL 2:  NON-EXCLUSIVE EASEMENTS FOR ACCESS, DRAINAGE, ENCROACHMENT, MAINTENANCE AND REPAIR, ALL AS MAY BE  SHOWN ON THE MAP AND AS DESCRIBED IN THE MASTER DECLARATION OF COVENANTS, CONDITIONS AND  RESTRICTIONS AND RESERVATION OF EASEMENTS FOR AMERIGE HEIGHTS ("MASTER DECLARATION"), RECORDED  JUNE 21, 2002, AS INSTRUMENT NO. 02-522398, AND THE NOTICE OF ADDITION OF PHASE AND SUPPLEMENTAL MASTER DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS AND RESERVATIONS OF EASEMENTS FOR AMERIGE HEIGHTS TALMEDGE, PHASE 10 LOTS 41 THROUGH 46, INCLUSIVE, 90, 95, 109 AND MASTER COMMON AREA LOTS E, F, G, H, I, J AND K OF TRACT NO, 16135, AND LOT B OF TRACT NO. 16205) RECORDED JULY 1, 2003, AS INSTRUMENT NO. 03-775473 ("NOTICE OF ADDITION"), BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.  PARCEL 3:  EXCLUSIVE USE EASEMENT FOR SIDEYARD PURPOSES, AS APPLICABLE, AS DESCRIBED AND ASSIGNED IN THE MASTER DECLARATION.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by  DOO.M. KO ,.AN UNMARRIED MAN, as trustor, dated 7/2/2007, and recorded on  7/9/2007 as instrument number 2007000427193   of Official Records in the office of the Recorder of ORANGE, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on 5/17/2017, instrument no 2017000202339, Book XXX, Page XXX, of Official records. The Trustee of record at the relevant time having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on 9/25/2017 at the place named in the Notice of Sale, in the County of ORANGE, California, in which the property is situated. The foreclosing beneficiary, being the biggest at such sale, became the purchaser of said property and paid therefore to said trustee the amount being $1,425,631.44 in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of Trust and instructed said trustee to vest this Trustee's Deed Upon Sale to said Grantee

*When recorded mail and send tax statement to:*
Caliber Home Loans
Attention: Collateral Team
13801 Wireless Way
Oklahoma City, OK 73134-2500

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No.: CA-17-770718-AB

Date: 10-3-2017                    QUALITY LOAN SERVICE CORPORATION

By: Dorian Bradley, Assistant Secretary

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: **California)**

County of: **San Diego)**

On __OCT 0 3 2017__ before me, _____Katherine A. Davis_____, a notary public, personally appeared _Dorian Bradley_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    (Seal)

Signature _____Katherine A. Davis_____

> KATHERINE A. DAVIS
> COMM. #2095366
> Notary Public · California
> San Diego County
> My Comm. Expires Dec. 23, 2018